LIPSCOMB, J.
Several questions have been raised by the appellant’s coun■sel, and discussed with great ability, both orally aud by his brief.
On the iirst question — the right of ihe administrator to liave the order of the probate judge revised in the District Court — we believe this right cannot be questioned,'aud that it is not only given by statute, but that it could liave been exercised under that court’s general jurisdiction to prevent error aud great injustice to tiie parties.
On the question how the case shall bo tried after it is brought into the District Court, there may be some difference in opinion whether it is to be tried upon tiie record of the Probate Court only, or upon the record and upon facts to bo proven on the trial, both. We believe that it should be tried upon the record aud proof of such facts on the trial as may be essential to enable the District Court to form a correct judgment in revising tiie proceedings of the Probate Court. This conclusion, it is believed, can be sustained, first, by a fair construction of tiie statutes, and, secondly, by a necessary implication resulting from the organization of the Probate Court, the proceedings of which *236 are sought to bo corrected b.y a resort to the District Court. There are several different provisions in our statutes in relation to the revision by tiie District Court of the proceedings and judgments of the Probate Court. Article 1232 gives the right to appeal to any one; dissatisfied with any decision, order, decree, or judgment, within fifteen days from its being- made. Article 718 provides that in all appeals from the Probate Court the trial shall bo de novo. Article 807 provides that any person interested desiring- to have (he proceedings of the-Probate Court revised and corrected may do so by petition for certiorari., and that it shall not operate as a supersedeas unless bond be given in the same-manner as in cases of appeal. These several provisions, all relating- to the revisionary power of the District Court, wjie.u taken together, as we believe tiiey should be, would authorize the trial in the District Court to bo'on other facts,, whatever they may be, necessary to the correction of the supposed error, the same as in this case expressly provided for by appeal. The article in relation to certiorari not directing- tiie mode it will be presumed as intended by the legislature that it should be in the same mode as appeals. If there are no facts presented and nothing- but the record, of course it would be on sueli record.
We believe this question was settled in the case of Chrisman v. Newsom, (see 9 Texas Reports, 113.) Chrismau was dissatisfied with a judgment of tiie Probate Court against him as tiie administrator of Jordan; failed to appeal within the fifteen days; presented his petition, to the district judge, showing- in what lie was injured and why it was that he liad not appealed, and obtained a. certiorari. Tiie district judge reversed the judgment of the Probate Court and remauded the case to the Probate Court without directing what should he done by tiie Probate Court or the grounds of its decision. On appeal it was held that the certiorari was only one of two modes of bringing- up a case from the Probate to the District Court, and, when brought up, that cases were to be tried alike in all respects; that the District Court'ought to have tried the case de novo, as on appeal, and certified its judgment to the Probate Court, to he carried by that Court into effect. We quote from memory, and possibly, may not be precisely accurate.
But the Probate Court, from its organization, is not required to spread tiie facts or the evidence in support of its orders and judgments upon tiie record. It would not be possible that the revising court could determine on tiie correctness of such orders and judgments without the exercise of the right to have all. controverted questions proven and tried on the merits. Where a power is granted to correct and revise the errors of a court so organized as tiie Probate Court tiie grant of power is made in reference to such organization, and ifc carries with it an authority to use tiie necessary means of arriving- at a correct judgment. And these means are in most cases evidence of the facts or attending- circumstances.
The question whether an executor or administrator could bind an estate by-a promise to pay the debt of his testator or intestate, though at one time very unsettled, is believed to be no longer so. And tiie current of authority for more than a century has been uniform that it cannot be done. Tiie ou& ground, on which it ever could have been questioned was predicated on the assumption that the subsequent promise was not ground of action, but that it rested on the original promise, and that therefore by the subsequent promise tiie administrator or executor did not create a new debt against the estate.
Tiiis court decided in Coles v. Kelsy, 2 Tex. R., 541, in conformity with what wo conceived to be not only reason but a current of authorities for years past, that the now promise and not the old was the foundation of (he action. See Angelí on Limitations, whore a .collection of the authorities will be found. If the debt or claim is barred by (ho statute it is no longer a debt of the. estate or claim against it. And to permit tiie represent alive to admit its validity on presentation would be to allow him to create a debt against tiie decedent.
But is ifc shown by the record that either the Probate Court or Hie District Court decided the law differently from what we have laid it down ? There is *237 ■no bill of exceptions or statement of facts showing the rulings of the court on ■any question of law or statement of tiie evidence upon which the judgment was founded. Wo have before shown that the Probate Court from its organization did not spread the evidence in support of its orders or judgments upon the record, and made no bill of exceptions a part of its practice'. Hence, it was not bound to show tiie evidence upon which it approved the allowance or admission of tiie debt by the former administrator, and there might have been evidence to show that tiie debt was not barred at tiie time of its presentation and allowance. The face of tiie note may not have been the only evidence. When, however, the ease got into tiie District Court, and the case could be tried tic //oro, ail the evidence in support of the claim and the ruling of the court on the law could and ought to have been presented. If the court bad ■charged that the face of the note was sufficient without any other evidence to sustain the validity of the allowance by tiie former administrator, his ruling could llave been excepted to and the question revised; or bad lie refused to give the charge, that if tiie debt was barred tiie acknowledgement of the administrator would not take it out of the statute, his refusal should have been excepted to. So, also, if be bad refused to go into the trial on its merits, it should have been excepted to. The record, however, repels the supposition that a trial on the facts and merits of the case was refused, because it shows that a jury was waived and the canse submitted to t lie court. It is not sufficient that it may be supposed that there was error iu the court below. The error must so distinctly appear that t.he finger can bo put upon it; and we have uniformly decided whenever the question has been presented that where there is neither a statement of the facts, nor hilt of exceptions, nor error apparent upon the record, we must presume the judgment below was rightly rendered and upon sufficient legal testimony. (Dewees v. Hudgeons, 1 Tex. R., 192; Jones v. Black, Id., 527; Duffield v. Bodine, Administrator, 2 Id., 292; Borden et. al. v. Houston, Id., 594; Kirkman v. Snively, Id., 447.) There is nothing to which we can point in the record in this ease and say “ upon this point the court erred,” or “here is error.” The judgment must therefore be affirmed.
Judgment affirmed.
Note 81. — Poag v. Rowe, 16 T., 590; Moore v. Hardison, 11 T., 407. But to set aside a judgment approving such allowance, proceedings for that purpose must be instituted in the District Court, and within, it seems, some reasonable timo. (Moore v. Hillebrant, 14 T., 312; Eceles v. Daniels, 16 T., 136; Hillebrant v. Burton, 17 T., 138; Lott v. Cloud, 23 T., 254; Mosely v. Gray, 23 T.,496; Giddings v. Steele, 28 T., 732; Baker v. Rust, 37 T., 242; Smith v. Downes, 40 T., 57; Leaverton v. Leaverton, 40 T., 218.
Note 85. — Francis v. Williams, 14 T., 158; Brown v. Hobbs, 19 T., 167.