## G. F. MOORE, GUARDIAN, v. CHRISTAIN HILLEBRANT AND ANOTHER.

The allowance of a claim by an administrator, and its approval by the Probate Judge is a quasi judgment, which cannot be reviewed by the County Court.

There can be no doubt, at this day, that an executor or administrator cannot charge the estate which he represents, by the acknowledgment of a debt, barred by the Statute of Limitations. But, to set aside a judgment of the Probate Court, approving such allowance, proceedings for that purpose must be instituted in the District Court, and within, it seems, some reasonable time.

A judgment of the County Court which is the basis of another proceeding in that Court, which is removed by appeal to the District Court, cannot be attacked by one who is made a party in the District Court, although such party might be entitled to have such first judgment annulled in a proceeding commenced directly for that purpose, and although all the proper parties are before the Court.

Appeal from Houston. It did not appear at whose suggestion the heirs of Burton were made parties.

*G. F. Moore*, for appellant. Whether or not the approval of the claim by the administrator, and ratification thereof by the Chief Justice, if at the time the claim was barred by the Statute, was binding upon the estate, was not discussed, though if deemed necessary to sustain the defence set up by the guardian, it has now been fully decided in the negative by this Court in the case of Moore v. Hardison, (10 Tex. R. 467,) but it was argued below, and I suppose will be here, that by the approval the claim became a quasi judgment, (Neill v. Hodge, 5 Tex. R. 487,) which could not be contested by any subsequent action in the County Court, and as the case had come by appeal from that Court, which had no jurisdiction to try this question, under the authority of Aulanier v. The Governor, (1 Tex. R. 668,) the District Court could not entertain it, even though it could upon an independent proceeding, had for this purpose, have cancelled the approval of the claim.

In reply to this we urge, 1st. That the minors were made parties, and the case reinstated for the very purpose of settling the validity of this claim.

2nd. If the claim was barred by the Statute, (which the exceptions admit,) neither the administrator or Chief Justice had authority to give it validity against the estate, and their approval of the claim being beyond their jurisdiction, was absolutely void, and that a judgment is void may be shown in any tribunal, and between any parties, where it is set up and rights are claimed under it. (Towns v. Springer, 9 Geo. 130; 12 U. S. Dig. p. 382, Sec. 103.)

3rd. But if these positions were not correct, and although this defence could not be set up in the County Court in answer to Hillebrant's petition for payment, and the District Court, on the appeal, acquired only such jurisdiction as the Court in which it originated had, yet these facts would not make this an exception to the general rule under our system, that a defendant may in his answer (or third parties may come in and) set up independent facts which would have entitled the party to relief in equity, and that to save costs and to prevent multiplicity of suits, the matter alleged in the answer of the guardian should have been enquired into, instead of affirming the judgment of the County Court, and enforcing the minors to file a new suit to have the judgment thus rendered set aside.

*Yoakum & Taylor*, for appellees. From the uniform decisions of this Court, we understand an allowed and approved claim to be in the nature of a judgment. This judgment will not be set aside, except it be brought within the rule laid down in Neill v. Hodge. (5 Tex. R. 490.) Then it is done by a proceeding in equity, alleging the ignorance of facts or fraudulent misrepresentation. Nothing of the sort is alleged here. After a lapse of ten years a party in most cases would be unable to prove an account, as his testimony in that time would disappear. As a party would not be entitled to have a new trial to enable him to plead the Statute of Limitations, surely

a judgment would not be set aside by an appellate tribunal, for that purpose, especially after the lapse of so many years.

LIPSCOMB, J.   Hillebrant had a claim against the estate of J. W. Burton, deceased; he presented it to the administrator of Burton, Green; it was allowed; and on the first day of March, A. D. 1844, it was approved by the Probate Judge. Subsequently one Jasper was appointed administrator *de bonis non* of the estate of Burton; and on the 16th day of October, A. D. 1848, Hillebrant filed his petition with the Probate Judge, setting forth his claim, its allowance, and approval by the Probate Judge, its being ranked among the acknowledged debts of the succession, the failure of the administrator to pay it, and that he had paid other debts not of a superior rank to it; prayed the administrator be required to make an exhibit of the condition of the estate, and for an order of sale of a portion of the lands belonging to the said estate, to pay the whole amount of the claim, or if the estate was not able to pay the whole, that he should be paid his proportion out of the assets of the estate.   The administrator filed an answer, asking time to make his return.   There was an order of sale, from which the administrator appealed to the District Court.   Before the appeal was decided, Jasper, the administrator *de bonis non*, was removed, and Miller was appointed in his place.   Afterwards, on a suggestion to the Court, that the infant heirs of Burton were interested in the appeal, Moore was appointed guardian *ad litem* to the infant heirs.   He, on the 10th March, 1853, filed an answer, alleging that the claim of the petitioner Hillebrant, had been acknowledged and approved after it was barred by the Statute of limitations, and praying that the allowance of the same be set aside or annulled.   To this answer, Hillebrant demurred, and his demurrer was sustained and the petition dismissed.   The guardian sued out a writ of error, to reverse the judgment of the District Court, dismissing the appeal.

We have repeatedly decided that the approval of a claim by the Probate Court, after it was allowed by the executor or administrator, is a *quasi* judgment, which cannot, at a subsequent Term, be set aside by the Probate Court. (See Swinston v. Walker's Adm'r ,3 Tex. R. 93 ; Neill v. Hodge, 5 Tex. R. 490 ; Toliver v. Hubbell, 6 Tex. R. 166 ; Finley v. Carothers, 9 Tex. R. 517 ; Jones' Adm'r v. Underwood, 11 Tex. R. 116.) The Probate Court could not review its decision, nor could it be revised by the District Court, when carried into that Court by an appeal ; because, if the Court from whence the appeal is taken, cannot take cognizance of the subject matter, the Court to which the appeal is taken cannot. (See Aulanier v. The Governor, 1 Tex. R. 623.)

There can be no doubt, at this day, that an administrator or an executor cannot charge the estate he represents, by the acknowledgment of a debt barred by the Statute of limitations. (See Moore's Administrator v. Hardison, 10 Tex. R. 467.). But to set aside a judgment of the Probate Court, approving such allowance, proceedings for that purpose must be instituted in the District Court. (See Adm'r of Jones v. Underwood, cited above.) If the guardian had commenced proceedings in the District Court, and showed the fact that the claim was barred before its allowance and approval, there can be no question but the claim would have been set aside and annulled, if the suit for that purpose was brought in time. After a long delay, it would not be enquired into, because the debt may have been valid, and not barred, by reason of some one of the exceptions in the Statute of limitation, the evidence of which may have been lost by lapse of time ; hence a Court of Equity would not be disposed to disturb the judgment, nor would our District Court, governed by principles of equity. We do not say whether the lapse of time is so great in this case, as to cut off the enquiry whether it was a valid debt against the estate when allowed and approved; because that question is not before us. We believe that the main question presented in this case has been so well settled by the cases referred to, as to render

any further discussion unnecessary. The judgment of the District Court is affirmed.

> Judgment affirmed.