WILLIAM CONE, ADMINISTRATOR, v. WILLIAM H. CRUM.

1. CLAIMS AGAINST ESTATES—LIMITATION—PRESUMPTION.—When a claim against an estate was apparently barred by limitation at the time of its allowance by the administrator and its approval by the county judge, the presumption will be indulged that the holder of the claim was within one of the exceptions which would prevent the bar of the statute.

2. SAME—MISTAKE.—Against such a claim thus allowed through mistake, the administrator will be entitled to equitable relief, if the same is applied for within a reasonable time, and relief can be afforded without prejudice to the just rights of the holder of the claim.

3. FACT CASE.—See case for facts which authorized the setting aside of an order allowing a claim against an estate, on the ground of mistake.

APPEAL from Anderson. Tried below before the Hon. R. S. Walker.

Suit was brought by William Cone, as administrator of the estate of W. R. Crum, against W. H. Crum, in the District Court of Anderson county, on March 28, 1878, in which he sought to set aside a claim against the estate of his intestate which he had allowed, for $141.65, on January 24, 1878, and which the county judge had approved on February 2, 1878, in favor of appellee. Appellant sought to have that judgment set aside upon two grounds:

1st. That the claim, being an open account, was barred by the statute of limitations at the date of its allowance and approval, and was not, in fact and in truth, a valid and subsisting debt against the estate of his intestate at the date of its allowance and approval. In his petition he alleged that he was appointed and qualified as administrator on May 8, 1874; that his intestate never promised to pay said account during his life-time in writing; that appellant, from the date of his appointment to the date of the allowance, continuously resided in Anderson county, and was never absent from the State; that appellee, from the date of appellant's appointment as administrator to the time of presenting the account, was twenty-

one years of age, of sound mind, and all the time residing in Anderson county.

2d. That at the date of the allowance of the claim by appellant, he did not examine the same, but appellee's counsel, joined by appellant's counsel, both presented it to him for allowance, representing that the account was a valid and subsisting demand against the estate of his intestate, and that appellant would save cost by allowing it; that appellant, relying upon their representations and supposing them to be true, allowed said claim; that said representations so made caused the appellant to make the mistake by allowing the claim, and that said representations so made were not in fact true.

To the petition the appellee filed four exceptions, all of which were sustained by the court, and the suit was dismissed.

Appellant assigned for error the ruling of the court in sustaining each of the exceptions.

*Greenwood & Gooch*, for appellant.

I. A court of equity should grant relief against the acts of the administrator of the estate of a deceased person when he clearly shows that he has done an act injurious to the estate, and that such act was done or committed by accident or mistake, or induced by the fraudulent representation of the party, or his attorney, who seeks to hold the estate bound by such act committed under such circumstances. (Story's Eq. Jur., secs. 134, 137, (note 3,) 140, 141, 192, 193; Jones' Administrator v. Underwood, 11 Tex., 116.)

II. An administrator of the estate of a deceased person can by no admission of his, or new promise, revive a debt against the estate he represents, which debt had, in fact and in truth, been barred by the statutes of limitation at the date of such promise; nor can such claim be made binding on such estate by the act of approval of such claim by the county judge; nor is any administrator in his trust capacity estopped from asking a court of equity to relieve the estate he represents from the payment of such claim, provided he can show that such claim

was clearly barred by the statute of limitations at the date of allowance and approval, and that he was misled and made a mistake in allowing such claim. (Neill *v.* Hodge, 5 Tex., 487; Jones' Administrator *v.* Underwood, 11 Tex., 116; Moore *v.* Hardison, 10 Tex., 467; Moore *v.* Hillebrant, 14 Tex., 312; Eccles *v.* Daniels, 16 Tex., 139; Hillebrant *v.* Burton, 17 Tex., 141; Mosely *v.* Gray, 23 Tex., 497.)

III. The District Court had jurisdiction and power to hear and determine the case presented by appellant's petition. (Const., art. 8, sec. 5, and authorities cited in support of the second proposition above.)

*T. J. Williams*, for appellee.

I. To set aside a claim against an estate which has been allowed by the administrator or executor and approved by the county judge, the party seeking relief must, in an action for that purpose, allege and prove fraud, accident, or mistake. It must be positive, actual fraud, unforseen accident, or a mistake of fact—not a mere mistake of judgment. None of these allegations are contained in appellant's pleadings or trial amendment. (Lott *v.* Cloud, 23 Tex., 254; Eccles *v.* Daniels, 16 Tex., 136; Jones' Administrator *v.* Underwood, 11 Tex., 116; 37 Tex., 242.)

II. Appellant, with the advice of his attorney, waived the statute of limitation, and is now estopped from complaining of his action therein.

III. The District Court had no jurisdiction of the subject-matter, because the amount in controversy was less than $500 and was within the jurisdiction of the County Court. (Const., art. 5, sec. 16.)

IV. The appellant's petition shows that the claim in controversy is for funeral expenses and expenses of last sickness of his intestate, and not affected by the statutes of limitation while the administration was open and pending. (Acts of 1878, secs. 88, 89, p. 115; Acts of 1874, secs. 206, 208, p. 170.)

BONNER, ASSOCIATE JUSTICE.—This is a suit brought by William Cone, administrator of W. R. Crum, deceased, against William H. Crum, to set aside the allowance of a claim in his favor made by the plaintiff as such administrator, and which had been approved by the county judge. Relief was sought on the ground that the claim was allowed and approved through mistake, when the same was barred by the statute of limitations. The demurrer to the petition was sustained and the cause dismissed.

Although, as a general rule, an administrator cannot revive a claim against an estate which is barred by the statute, yet if his allowance has received the judicial sanction of the approval of the county judge, this, under repeated decisions of this court, will make it such a *quasi*-judgment that the presumption will be indulged that the holder of the claim was within some of the exceptions which would prevent the bar of the statute. (Authorities cited in Moore *v.* Hillebrant, 14 Tex., 315.)

To overcome this presumption, the burden of both allegation and proof is upon the administrator, in a direct proceeding for this purpose, to show not only that the claim was barred, but also that he has some good ground, by reason of fraud, accident, or mistake, for the relief sought. (Eccles *v.* Daniels, 16 Tex., 140.)

If allowed under such circumstances as would show affirmatively that the administrator intended to commit a fraud upon the estate, or that he was guilty of such gross negligence in the performance of his duty as would amount to such fraud, and that in consequence thereof the claim was approved and thus became a charge upon the estate, then he could not consistently ask relief, but might be made responsible on his bond.

If, however, the allowance was made through mistake, and relief was sought within a reasonable time, and before any just rights of the holder of the claim had been prejudiced, he would be entitled to the equitable interposition of the court. (Jones' Administrator *v.* Underwood, 11 Tex., 116.)

This suit was brought within a short time after the allow-

ance of the claim, and the allegations in the pleadings of the plaintiff, and which were taken as true on the demurrer, showed that this allowance was made under such circumstances of mistake and inadvertence, on his part, as, in our opinion, would entitle him to the relief sought; and for the error in sustaining the demurrer, when the same should have been overruled, the judgment is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered December 16, 1879.]