## No. 2549.

### CHERRY L. HOWARD v. THOMAS JOHNSON ET AL.

1. LIMITATION.—Though neither an executor nor administrator can rightfully allow a claim against an estate which is barred by limitation, yet if a claim apparently barred be thus allowed, its approval by the county court can not be treated as a nullity by the heir. If it has been improperly allowed and approved, the remedy of the heir is by a direct proceeding to set the same aside.

2. SAME.—In such a proceeding, every presumption will be indulged in favor of the allowance of the claim thus made, and it must be shown that no fact existed that would have suspended the statute of limitations during the period of its apparent operation. If the allowance be made by an independent executor, the approval of the county court is a nullity.

3. STATUTES CONSTRUED—NECESSARY PARTIES.—Construing section 118 of the act of May 13, 1846 (Pas. Dig., article 1479), Paschal's Digest, article 5697; Revised Statutes, final title, section 5; Revised Statutes, articles 1202, 1943; held, that article 1202, which requires the executor or administrator and the heirs, if any, to be made parties, in every suit against the estate of a decedent involving title to real estate, applies to suits in which the title of the estate to land is brought in controversy, and not to such as merely seek to enforce a lien upon it. The heirs are not necessary parties to a suit brought against an independent executor by a lien creditor to enforce his lien against the land of the estate.

4. INDEPENDENT EXECUTOR.—An executorship free from the control of the county court may sell any property of the estate without an order of court, when necessary for the payment of debts.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

*Trezevant & Franklin*, for appellant: On their proposition that an executor has no power to revive a debt that is barred, or to discharge such a debt without express authority in the will, and he can not, as defendant in a suit to foreclose, accomplish such revival or payment indirectly by neglecting and failing to plead the statute of limitations, they cited Revised Statutes, article 1202; Laws 1870, section 229, page 173; Revised Statutes, article 1817; Laws 1876, section 125, page 127; Wiltsie on Foreclosure, 110; Freeman on Judgments, sections 162, 163; Story's Equity Pleadings, section 196; Pomeroy's Remedies, section 336, note I; Id., 337; Jackson v. Hill, 39 Texas, 495; Mills v. Traylor,

30 Texas, 7; Moore v. Hardison, 10 Texas, 467; Moore v. Hillebrant, 14 Texas, 312. Barrett v. Barrett, 31 Texas, 344, is not overruled by Gunter v. Fox, 51 Texas, 383, or by any other Texas authority.

*Burnett & Hanscom,* for appellees: The heirs or devisees are not necessary parties in a suit to foreclose a mortgage on realty where the estate is being administered by an independent exeecutor. (Revised Statutes, article 1344; 2 Paschal's Digest of Laws, article 5628; Gunter v. Fox, 51 Texas, 383; Zacharie v. Waldrom, 56 Texas, 116; Todd v. Willis, 66 Texas, 707. They also cited Cone v. Crum, 52 Texas, 351; Campbell v. Shotwell, 51 Texas, 36; Heffner v. Brander, 23 Texas, 631; Moore v. Hillebrant, 14 Texas, 315.)

GAINES, ASSOCIATE JUSTICE. This is a suit by appellant to recover a lot in the city of Galveston. She claims to be the owner of an undivided one-half interest in the property. The original defendant, Johnson, being merely a tenant, Sachtleben, his landlord, was permitted to come in and defend the suit.

Both parties claim under Mrs. Cherry A. Robinson, the appellant as a devisee under her will, and the appellee under a sale made by virtue of a decree of the district court of Galveston county foreclosing a mortgage on the property. On June 18, 1873, Mrs. Robinson made a promissory note to Satchleben, due twelve months after date, for two thousand and two hundred dollars; and at the same time executed a mortgage upon the lot in controversy for the purpose of securing it. In March, 1876, she died, leaving a will, which named James Sorley as independent executor and devised to appellant who was her granddaughter, and to her son, one Charles Sachtleben, the premises in controversy, to be equally divided between them. Sorley promptly qualified as executor. The note was not paid, though the interest seems to have been regularly discharged by the testator in her life time and by her executor after her death. On the twenty-eighth day of May, 1877, the note was presented to the executor who wrote upon it that it was allowed to be paid in due course of administration. This was signed by him as executor. On July 25, 1879, Sachtleben brought suit in the district court of Galveston county on the note, and to foreclose the mortgage against the executor alone. A decree of foreclosure was rendered on the twenty-fifth of November, 1879,

by virtue of which the property was sold, appellee becoming the purchaser.

Appellant contends that the sale was a nullity; first, because, as they claim, the debt was barred when the suit was brought, and secondly, because the devisees were not made parties to the action.

It is settled in this State, that neither an executor or administrator can rightfully allow a claim which is barred by the statute of limitations.    (Moore v. Hardison, 10 Texas, 467; Moore v. Hillebrant, 14 Texas, 312; Cone v. Crum, 52 Texas, 348.)   But it does not follow that if the claim be allowed by the executor or administrator and approved by the county court, the quasi judgment so created can be treated as a nullity.   It is the right of the beneficiaries of the estate to have the approval set aside in a direct proceeding brought for that purpose, upon affirmative proof that the bar of the statute had become complete when the allowance was endorsed.   Even in a direct proceeding, it is not sufficient to show that the debt appeared upon its face to have been barred when the suit was instituted, but it must also be proved that no fact existed which would have suspended the statute during the time of its apparent operation. (Moore v. Hillebrant, 14 Texas, 312; Eccles v. Daniels, 16 Texas, 136.)

A judgment against an independent executor in a regular suit stands certainly upon as high a plane as the quasi judgment of a county court, and if rendered upon a claim which appears to be barred, it can not be attacked on that ground in a collateral action.   It may be that the appellant, by a proper proceeding brought within a proper time, could have set aside the judgment and recovered the property of the purchaser—he being the plaintiff in the judgment—by showing that the statute was never suspended after the maturity of the debt.   But these facts must have been averred and proved, and there is no such averment or proof in this case.   There is an exception to the answer on the ground that the note appeared to be barred when suit was brought upon it.   The answer shows that more than four years had elapsed from the maturity of the note to the institution of the suit, but it does not show that the statute was operative during all that time.   Every presumption must be indulged in favor of the judgement under which the property was sold.

What we have said with reference to the allowance and ap-

proval of claims does not apply to the allowance and approval in this case. Sorley, being an independent executor, the approval of the county judge was a mere nullity. (Smyth v. Caswell, 65 Texas, 379; Wood v. McMeans, 23 Texas, 486; McLane v. Belvin, 47 Texas, 493; Evans v. Taylor, 60 Texas, 422.) The allowance by the executor was made before the claim was barred, and implies a distinct promise to pay it in due course of administration. What effect this had upon the operation of the statute of limitations we need not determine. It does not follow that, because an executor may not revive a debt already barred, he may not suspend the operation of the statute before the bar is complete. (Wood on Limitations, sec. 190.) In the case of independent executors, the exercise of such power may, in some instances, be highly beneficial to the estates in their hands. But, without deciding this point, we conclude that under the pleadings in this case the judgment against Sorley as executor was not subject to attack upon the ground that more than four years had elapsed from the date of the maturity of the note until the suit was instituted in which the judgment was rendered.

This brings us to the second question in the case. Are the devisees under a will bound by a judgment of foreclosure against the executor in a suit to which they were not made parties? The judgment was rendered after the Revised Statutes went into effect, and this question must be determined by a construction of our existing laws; and a review of the previous legislation is necessary in order to make that construction clear. Section 118, of the act of May 13, 1846, provided that, "when the suit is for the foreclosure of a mortgage on real estate, * * * the heirs interested in the mortgaged property shall be made parties to the suit by due notice served," etc. (Pas. Dig., art. 1479.) The section in which this language is found was construed to apply only to cases where the suit was brought after the death of the testator or intestate. Where the defendant died pending the suit, it was permitted to proceed against his administrator alone. (Givens v. Davenport, 8 Texas, 455.) The probate law of 1870 contained this provision: "If any person desire to contest the title of the estate to land, he must bring his suit in the district court and make the executor or administrator and the heirs parties thereto." (2 Pas. Dig., art. 5697.) Section 118, of the act of 1846, from which we have quoted above, is omitted from the Revised Statutes, and is thereby repealed. (Rev. Stats., final title, sec. 5.) But the provision quoted from the law of

1870 is substituted by article 1202, which reads as follows: "In every suit against the estate of a decedent involving title to real estate, the executor or administrator, if any, and the heirs shall be made parties." We construe this to apply to suits in which the title of the estate to land is brought into controversy, and not to such as merely seek to enforce a lien upon it. Such is the evident meaning of the provision for which it is intended as a substitute.

It would seem that if it had been the purpose to require the heirs or devisees to be made parties to a proceeding for the foreclosure of a mortgage or other lien upon real estate, this intention would have been duly manifested by the incorporation of section 118, or by the addition of apt words to the article just quoted. When the estate is being administered in the county court a lien may be enforced without special citation to the heirs, though a citation to all persons interested in the estate if required to be posted. But in case of an independent executor. article 1943 of the Revised Statutes provides that, "any person having a debt or claim against the estate may enforce payment of the same by suit against the executor of such will, and where judgment is rendered against the executor the execution shall run against the estate of the testator in the hands of the executor that may be subject to such debt." An unsecured creditor has a charge upon all the assets of the estate in general not exempt from execution. A lien creditor has a special claim against the property subject to the lien. If the Legislature had required the heirs or devisees to be made parties in the one case, in order to be consistent, they should have required it in the other. An executorship free from the control of the county court is a special personal trust, and carries with it the power to sell any property of the estate subject to administration without the order of any court, when necessary for the payment so debts, and it was probably considered that any person to whom a testator would intrust such authority could be relied upon to defend all suits for enforcement of liens brought against the estate. The creditor in this case might have taken a simple judgment for his debt and sold the property under execution and thereby passed the title, and in the absence of some legislative enactment to the contrary, we do not see why he could not lawfully take a judgment foreclosing his mortgage without making the devisees parties. We are therefore of the opinion that the judgment was effectual against the devisees under Mrs.

Robinson's will, and that the sale passed the title. We are aware that a contrary doctrine has been announced in many of the courts of this country, but we presume this is a matter controlled by statute, in most, if not all of our sister States. At common law the administration did not include real estate and the question could not arise.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Opinion delivered February 10, 1888.