## JACKSON et al. v. STONE et al.

(Court of Civil Appeals of Texas. Galveston. March 19, 1913. Rehearing Denied April 10, 1913.)

1. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY — CONVEYANCES BY SURVIVING SPOUSE.

A conveyance by a surviving spouse of community property in payment of a debt not shown to be a community debt does not pass title to the one-half interest inherited by the children of the deceased spouse.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

2. LIMITATION OF ACTIONS (§ 145*) — NEW PROMISE — CONSIDERATION — DISCHARGE OF BARRED DEBT.

The discharge of a barred debt is a sufficient consideration for a new promise or a contract of any kind, because the bar against the enforcement of the debt is not a discharge of the debt, and the debtor may recognize his moral obligation and make a contract in consideration thereof.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 584–588, 590–592; Dec. Dig. § 145.*]

3. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY — CONVEYANCES BY SURVIVING SPOUSE—VALIDITY.

The authority of the surviving spouse, undertaking the administration of the community estate without the aid of the probate court, to sell the interest of the deceased spouse in the community property to pay community debts is restricted to the payment of enforceable community debts.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

4. EXECUTORS AND ADMINISTRATORS (§ 213*) —CLAIMS—DEFENSES—LIMITATIONS.

A regular administrator must plead the statute of limitations against any barred claim, and he may not pay a claim that is barred by limitations.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 749–753; Dec. Dig. § 213.*]

5. HUSBAND AND WIFE (§ 273*)—LIMITATION OF ACTIONS (§ 175*) — WAIVER OF LIMITATIONS.

The right to plead the statute of limitations is a legal right, and can only be waived by the person for whose protection it is given; and a surviving husband, administering community estate without the aid of the probate court, may not waive the right for the heirs of the deceased wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273;* Limitation of Actions, Cent. Dig. §§ 584–588, 590–592; Dec. Dig. § 175.*]

6. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY — CONVEYANCES BY SURVIVING SPOUSE.

The release of a debt barred by limitations is a sufficient consideration for the conveyance by a surviving husband of his interest in the community property, but passes no title to the half interest in the land inherited by the children of the deceased wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action by T. H. Stone and another against W. J. Jackson and another. From a judgment for plaintiffs, defendants appeal. Reversed and rendered in part, and affirmed in part.

V. A. Collins, of Beaumont, for appellants.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellees against the appellants to recover two tracts of land in Jasper county described in plaintiffs' petition; one tract containing 75 acres and the other 225 acres.

The trial in the court below, without a jury, resulted in a judgment in favor of plaintiffs for one-half of the 75-acre tract and all of the tract of 225 acres, and in favor of defendants for the remainder of said 75-acre tract.

The land in controversy was community property of Cleyton Jackson and his wife, Maria Jackson, who died in 1883. Cleyton Jackson married a second time in 1885. After his second marriage, and some time in the year 1885, he and his second wife conveyed to Dr. T. M. Stone the tract of 75 acres described in plaintiffs' petition. This conveyance was made in settlement of an account for $75 due Dr. Stone by the said Cleyton Jackson. There is no evidence that the amount due on this account was a community indebtedness of Cleyton Jackson and his first wife, the mother of defendants. Cleyton Jackson and his second wife lived on the 225-acre tract until 1888, when they moved to the town of Colmesneil, in Tyler county, and never again occupied their old home, though they never acquired any other homestead. The second wife died in 1895. In 1888, after he had moved to Colmesneil, he conveyed the 225 acres to Dr. T. M. Stone. The consideration for this conveyance was $100 in cash, paid to Cleyton Jackson, and the payment by Dr. Stone of a note for $50, which was executed by Jackson in part payment for the land when it was sold to him. This note was due January 1, 1880, and was therefore nearly nine years past due at the time the land was conveyed to Dr. Stone. No lien was retained on the land to secure the payment of this note.

The trial court found that at the time he bought the land in controversy "Dr. Stone knew, or was in possession of such facts as should have induced inquiry that would have informed him, of defendants' interest in the land."

On November 9, 1906, Cleyton Jackson conveyed the 225 acres to the defendant W. J. Jackson.

The plaintiffs are the heirs at law of Dr. T. M. Stone, and hold the title to the land in controversy acquired by him by the conveyances before mentioned.

The trial judge's conclusions of law upon these facts were:

[1] First. That plaintiffs having failed to show that the debt of $75 due by Cleyton Jackson to Dr. Stone, in payment of which the 75 acres of land in controversy was conveyed by said Jackson to Dr. Stone, was a community debt of said Jackson and his first wife, defendants' mother, said conveyance did not pass title to the one-half interest in said land inherited by defendants from their mother.

Second. That Cleyton Jackson having abandoned his home upon the 225-acre tract prior to his sale to Dr. Stone, the "question of homestead is not in the case."

Third. That, though the note paid by Dr. Stone as part consideration of the conveyance to him of said 225-acre tract by Cleyton Jackson on December 22, 1888, "was barred by the statute of limitation, yet the said Cleyton Jackson had the right to make

it a charge against the community interest of his deceased wife in said land."

[2] We cannot agree with the learned trial judge in the last of these conclusions. The discharge of a barred debt is a sufficient consideration for a new promise, or a contract of any kind, because the bar against the enforcement of the debt after the time fixed by the statute is not a discharge of the debt, and if the debtor, recognizing his moral obligation to pay, makes a contract in consideration of this obligation, such consideration is sufficient to support his contract.

[3] But the authority of the surviving husband or wife to sell the interest of the deceased partner in the community property for the purpose of paying community debts is, we think, restricted to the payment of enforceable community debts. A survivor, who undertakes the administration of the community estate without the aid of the probate court, would have no authority to pay a debt which he would not be allowed to pay if he were administering the estate in the probate court under the provision of the statute regulating the administration of estates of deceased persons.

[4] It is the duty of a regular administrator to plead the statute of limitation against any barred claim that may be presented to him for allowance, and he is not authorized to pay a claim that is barred by limitation. Moore v. Hardison, 10 Tex. 467; Moore v. Hillebrant, 14 Tex. 312, 65 Am. Dec. 118; Cone v. Crum, 52 Tex. 348; Howard v. Johnson, 69 Tex. 655, 7 S. W. 522.

[5] In upholding sales made by the survivor of the community for the purpose of paying community debts, unless this restriction upon the right to sue is preserved, the right of the heirs of the deceased spouse to plead the statute of limitation against the debt of their ancestor is denied. However praiseworthy it may be to refuse to take advantage of the statute of limitation, the right to plead the statute is a legal right, and can only be waived by the person for whose protection it is given; and the surviving husband cannot not waive such right for the heirs of his deceased wife.

This view of the question presented by the appeal requires a reversal of a portion of the judgment of the court below.

[6] In so far as the interest of Cleyton Jackson in the 225-acre tract was concerned, the discharge of the barred note was a sufficient consideration for his conveyance, and in addition to that he received a cash consideration of $100. The evidence is sufficient to sustain the finding of the trial court that the homestead in the 225 acres was abandoned when Cleyton Jackson moved therefrom to the town of Colmesneil. There is no evidence that he or his wife ever claimed any homestead rights in the property after they moved therefrom, or ever intended to return thereto. It follows from these conclu-

sions that the judgment of the court below awarding plaintiffs the whole of the 225-acre tract should be reversed, and judgment here rendered in favor of defendants for one-half of said tract; and it has been so ordered. In all other respects the judgment of the court below is affirmed.

Affirmed in part. Reversed and rendered in part.