HOOKS et al. v. MARTIN. (No. 656.)

(Court of Civil Appeals of Texas. Beaumont. March 4, 1921. Rehearing Denied March 23, 1921.)

1. Executors and administrators ⚖══437(7)— Rejection of unverified complaint did not set in motion the statute of 90 days' limitation.

Administrator's rejection of unverified complaint did not set in motion the statute of 90 days' limitation.

2. Limitation of actions ⚖══195(3)—Administrator has burden of proving that claim was barred by limitations.

In action against administrator on rejected claim, claimant was not required to prove that claim was not barred by limitations, but burden of pleading and proving the claim was barred was on the administrator.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by T. J. Hooks and others against F. S. Martin, administrator of the estate of G. D. Martin, deceased. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

W. R. Blain, of Beaumont, for appellants.
W. W. Cruse, of Beaumont, for appellee.

WALKER, J. Appellant presented to appellee, F. S. Martin, as administrator of the estate of G. D. Martin deceased, a claim in the sum of $145.70. The affidavit attached to this claim was fatally defective. Appellee refused to allow it, without giving any reason for its rejection. Later, appellants again presented the claim to appellee properly verified. Again he rejected it. After more than 90 days from the date of the first rejection, appellants filed suit on their claim in the justice court. The judgment was against them. They appealed to the county court, where judgment was again against them. They have brought the case here from this last judgment.

[1] From the conclusions of law and fact filed by the trial court, it appears that he based his judgment on two grounds of limitation: First, that the claim was barred because suit was not filed within 90 days after the first rejection; and, second, that it was barred before the death of G. D. Martin, under the statute of two-year limitation. He

was wrong in both conclusions. The rejection of the claim not verified, as required by law, did not set in motion the statute of 90 days' limitation. Crosby v. McWillie, 11 Tex. 94; Gillmore v. Dunston, 35 Tex. 436; Walters v. Prestidge, 30 Tex. 65; Lanier v. Taylor, 41 S. W. 516; Gaston v. McKnight, 43 Tex. 619; Henry v. Roe, 83 Tex. 446, 18 S. W. 806; Whitmire v. Powell, 117 S. W. 438.

[2] The trial court based its conclusions of law that the claim was barred before the death of G. D. Martin on the theory that the burden rested on appellants to show that their claim was not barred. This was error. The burden rested on appellee to plead and prove that the claim was barred. Vinson v. Whitfield, 133 S. W. 1095; Jackson v. Stone, 155 S. W. 960.

For the errors discussed this cause is reversed and remanded for a new trial.