**CATERPILLAR TRACTOR CO. v.
CHURCHILL.**

No. 3970.

Court of Civil Appeals of Texas. Texarkana.
June 17, 1931.

Rehearing Denied July 4, 1931.

Lee G. Carter, of Dallas, for appellant.

Guinn & Devereux, of Jacksonville, for appellee.

WILLSON, C. J. (after stating the case as above).

Unless the notes on which the claim presented by appellant to appellee as administratrix was based had been effectively renewed when so presented, they were barred by the statute of limitations of four years, and the administratrix acted within her rights and in the discharge of her duty when she rejected the claim. Article 5527, R. S. 1925; Howard v. Johnson, 69 Tex. 655, 7 S. W. 522; Jackson v. Stone (Tex. Civ. App.) 155 S. W. 960.

It appeared in the evidence (1) that on January 19, 1927, F. E. Churchill wrote the holder of the notes a letter in which he (Churchill) stated he was "wholly unable" to pay the notes at that time, but could pay $250 thereon by March 15, 1927, and "the balance in two equal notes six months apart"; and (2) that on January 31, 1927, in a letter he then wrote, F. E. Churchill stated he "could and would" pay $250 March 15, 1927, $250 in June 1927, and the balance October 15, 1927.

Construing the statements referred to as an acknowledgment of the justness of the indebtedness evidenced by the notes and as a promise to pay same, appellant insists the letters operated to toll said statute of limitations of four years. We agree that such was the meaning and effect of the letters. Article 5539, R. S. 1925; Reynolds Iron Works v. Mitchell (Tex. Civ. App.) 27 S. W. 508; Elsby v. Luna (Tex. Com. App.) 15 S.W.(2d) 604; Howard v. Windom, 86 Tex. 560, 26 S. W. 483. The rule applicable is stated in 37 C. J. 1098, as follows: "A new promise, whether made before or after the bar is complete, will avoid the operation of the statute of limitations, although, with a debt alive, it will require less evidence to create a promise extending the running of the statute, than, with a debt barred, to revive the debt and renew the expired period."

While, as we have determined, the notes were not barred when the claim was presented to appellee February 24, 1930, they appeared to be, for the letters were not made a part of the claim, nor was any mention thereof made therein. Appellee did not know the letters existed, and did not know from any source that the notes had been renewed or that appellant claimed they had been. Therefore she was justified in rejecting the claim as it was presented to her on said February 24, 1930.

But we do not think such rejection deprived appellant of the right it thereafter, to wit, on June 14, 1930, exercised, when it amended its claim by making the letters a part thereof and presented same as amended to appellee for allowance. And we do not think the fact that appellant had theretofore, to wit, on May 21, 1930, commenced this suit was a reason justifying appellee in rejecting the claim as amended. The cause was tried on an amended petition filed June 22, 1930, based on the amended claim presented to appellee June 14, 1930, and rejected by her. There was no legal reason why, had appellant seen proper to do so, it could not have dismissed its suit on the claim as it was when first presented and have maintained a new suit on the claim as it was when last presented. The fact that appellant might have done that and did not, was not a reason why it could not by an amended petition abandon its suit so far as it was on the claim as first presented to appellee, and instead sue on the claim as presented to her June 14, 1930. The most appellee could claim because of appellant's pursuing the course it did pursue, instead of bringing a new suit, was that the costs to the time of filing the amended petition should be taxed against appellant.

It is apparent from what has been said that we think the judgment is erroneous. It will be reversed, and the cause will be remanded to the court below, with instructions to enter a judgment establishing appellant's claim as a valid one against the estate of F. E. Churchill, and certifying same to the probate court for payment in due course of the administration of said estate. In said judgment the costs of the cause to the filing of the amended petition should be taxed against appellant.

On Motion of Appellee for a Rehearing.

It is insisted the statement in the opinion disposing of the appeal that "there was no legal reason why, had appellant seen proper to do so, it could not have dismissed its suit on the claim as it was when first presented and have maintained a new suit as it was when last presented," is incorrect, "as (appellee says) more than 90 days had elapsed from the date of the original rejection (February 25, 1930), and such claim would have been forever barred by the prohibitive statute (Rev. St. 1925, art. 3522) providing that suits must be instituted on rejected claims within 90 days from the date of such rejection and not thereafter." It may be the statement is incorrect as claimed, but correcting it would not, we think, require a different disposition to be made of the appeal. As a matter of fact, the suit on the claim as it appeared to be when first rejected was not dismissed, but was continued on the claim as it appeared to be when last rejected by the amended petition filed within 90 days after such last rejection. The truth being that the claim was not barred when presented for allowance, we think one of two things was necessarily true —either (1) the suit, having been commenced

within 90 days after the claim was first rejected, was maintainable on the notes and appellant was entitled to prove they in fact were not barred at the time it presented the claim; or else (2) appellant by said amended petition was entitled to maintain the suit on the renewals evidenced by the letters as another and different claim from the one first presented. Hooks v. Martin (Tex. Civ. App.) 229 S. W. 592; Coles v. Kelsey, 2 Tex. 541, 47 Am. Dec. 661; Howard v. Windom, 86 Tex. 560, 26 S. W. 483.

■ The contention in the motion that it did not appear the claim was rejected when it was last presented is without merit. The statute (article 3517, R. S. 1925) provided that failure of an administrator to indorse on a claim whether he allowed or rejected it should operate as a rejection of the claim.

The motion is overruled.