**JUDKINS et al. v. JAMISON.**

No. 9556.

Court of Civil Appeals of Texas. San Antonio.

May 8, 1935.

Rehearing Denied June 5, 1935.

A. J. Lewis and R. F. Spencer, both of San Antonio, for appellants.

Nowlin Randolph and Moursund, Moursund & Bergstrom, all of San Antonio, for appellee.

MURRAY, Justice.

Appellee, J. T. Jamison, instituted this suit against appellants O. H. Judkins, J. L. Borroum, and T. P. Russell, as executors of the estate of R. R. Russell, deceased, seeking to recover upon a certain promissory note, dated October 20, 1932, for the principal sum of $5,553.37, and signed by O. H. Judkins as one of the independent executors of the estate of R. R. Russell, deceased.

The cause was tried before the court without the intervention of a jury and resulted in a judgment in favor of appellee for the amount of principal, interest, and attorney's fees provided for in the note. The independent executors of the estate of R. R. Russell, deceased have prosecuted this appeal.

The trial judge made and filed the following findings of facts and conclusions of law:

"First: That the Russell-Coleman Oil Mill, a domestic corporation, on March 20th, 1922, executed and delivered to the plaintiff its promissory note of said date for the principal sum of Twenty Thousand Dollars, payable six months after the date bearing interest at the rate of ten per cent per annum from maturity, and at the time of its execution R. R. Russell signed a guaranty indorsed on the back of said note which was in words and figures as follows:

" 'Waiving presentment, demand, protest and notice, and for value received, I, we or either of us hereby guarantee the payment of this note according to its face and tenor.

" '[Signed]   R. R. Russell.' "

"Second: That on the 28th day of June, 1922, said R. R. Russell died leaving a last will and testament wherein O. H. Judkins, J. L. Borroum and T. P. Russell were named as Independent Executors, and that said will was duly probated on the 11th day of Sept. 1922, and all the persons so named as Independent Executors duly qualified as such and are now acting in such capacity.

"Third: That neither the principal or the guarantor paid said note at the maturity thereof, but that on March 20th,

1923, the Russell-Coleman Oil Mill paid on said note the sum of Five Thousand Dollars; and that thereafter, these defendants in their capacity as Independent Executors made payments (and no other) to the plaintiff on said note as follows: March 20th, 1923, $600; September 25th, 1923, $300.00; January 7th, 1924, $150.-00; February 4th, 1924, $200.00; April 4th, 1924, $1,000.00; June 17th, 1924, $4,-000.00; April 17th, 1925, $500.00; June 5th, 1925, $4,000.00; June 5th, 1927, $3,-000.00; June 28th, 1929, $2,500.00. That the note sued on is in form a negotiable instrument. That there was no suit brought against the Russell-Coleman Oil Mill, and that no suit was ever brought on said $20,000.00 note against any of these defendants—though the same had been due for more than four years at the time of the execution of the note sued on in this cause.

"Fourth: I find that on the 20th day of October, 1932, the plaintiff claimed there was due him by the Russell Estate an unpaid balance of $5,553.57 and requested of defendant O. H. Judkins as Executor a note for that sum and that pursuant to that request the note sued on in this cause was executed and delivered to the plaintiff, and that defendant Judkins at said time believed said sum to be the amount of the unpaid balance on said original note and that the estate was presently liable thereon, and intended that the note should become an obligation of the estate.

"Fifth: I find that on the 20th day of October, 1932, there was in fact an unpaid balance on said original note considerably in excess of $5,553.57, and that no usurious interest was embraced in the new note.

### "Conclusions of Law.

"First: I conclude that there was no failure of consideration, and that the note sued on is not affected by reason of usury.

"Second: That the note sued on being a negotiable instrument and considering the partial payments by the Executors on said original note that it should be presumed that the executors in the discharge of their duty had found at the time of the execution of the note sued on that facts existed which made the estate liable in all respects as purports from the face of said note.

"Third: I conclude that since there is no statute requiring that executors plead the statute of limitations to claims presented that in the absence of fraud accident or mistake it was within the discretion of Independent Executors acting in good faith to waive the defense of the statute of limitation to the unpaid balance on the original note, and that by the execution of the note sued on the executors did waive the benefits of such statute and are now by law estopped to plead it under circumstances shown by the evidence in this case.

"Fourth: That the note sued on was placed in the hands of the attorneys for the plaintiff for collection and suit under an agreement between the plaintiff and such attorneys that the latter should be paid as their compensation the attorneys' fees as stipulated in the note.

"Fifth: I also conclude that the legal effect of the guaranty (in the event guarantor's liability became fixed or acknowledged) obligated the guarantor to pay interest at the rate of, and as stipulated in the note.

"Sixth: I therefore conclude that the plaintiff is entitled to recover the principal, interest and attorneys' fees according to the face of the note sued on."

Thereafter, upon the request of appellants, the trial judge made the following additional findings of facts and conclusions of law:

"First: I find as a fact that the original note containing the guaranty of R. R. Russell had been due for more than Four Years—and in reality more than ten years before the execution of the note sued on—and that no evidence was offered on the trial showing that there was an obligation in writing signed by the defendants or either of them (prior to the execution of the note sued on) acknowledging the justness of the debt and promising to pay the same.

"Second: I also find that there was indorsed on the original $20,000.00 note indorsements reading as follows: 'Mch. 21st' (meaning 1923) 'received $600.00 Int. for six months' 'Sept. 26th, 1923, Rec'd $300. interest to Dec. 15th, 1923' 'Jan. 7th. 1924—Rec'd $150. Int. to Feb. 1–1924.' 'Feb. 5th Rec'd. $200. Int. to April 1st.' (Meaning April 1st, 1924). However, these payments are the payments set out in the original findings.

"Third: I find that the Executors, some time after the maturity of the original note applied to the plaintiff to enter into an agreement whereby the rate of interest on

the whole obligation would be reduced to a basis of six or eight per cent per annum, but that the plaintiff declined to agree to the same.—This proposition probably contemplated the execution of a new obligation expressing the reduced rate of interest—in the event the plaintiff had agreed to such reduced rate.

"Additional Conclusions of Law.

"First: I find that the law imposes on the plaintiff the burden of proof to prove the execution of the note sued on since the defendants have filed a verified plea of non-est-factum but that this burden has been met by showing that the defendant Judkins signed the same as Executor and that such plea did not require any further proof on the part of the plaintiff as far as this issue is concerned.

"Second: That the note sued on is not of that character which in commercial transactions would be known as 'accommodation paper' since the preceding note constituted a sufficient consideration to support the execution of the note sued on.

"Third: That if the amount of the note sued on was for a sum greater than the sum due, as balance on the original note at the time of the execution of the note sued on, that this could not legally be shown in the absence of a pleading alleging fraud, accident or mistake—nevertheless, I have found that no excess in amount was embraced in the new note, even if the interest on the old note is calculated at six per cent per annum, or, eight per cent per annum from its maturity to April 1st, 1924, as indicated by indorsement on the note and by letters accompanying certain remittances on account of interest.

"Fourth: Bearing on the issue of the plaintiff's claim being barred by the Statute of Limitation of four years, I adhere to my conclusion of law found in paragraph three of the Original Findings and Conclusions as filed in this case which was, in effect, that the defendants, acting in good faith had a measure of discretion as to whether or not they would waive the statute of limitation as a defense to the balance due on the original note. But I conclude that after the execution of the note sued on was proven, that the burden of proof would then, in any event, have been on the defendants to prove that there was never any written admission signed by the defendants acknowledging the justness and promising to pay the amount owing on the original note, after the expiration of four years from its maturity and before the execution of the note sued on; and that in the absence of such proof the law would imply by the fact of the execution of the new note that the original obligation had been kept alive and in force, or that there were sufficient reasons which justified the execution of the note."

■ It is apparent from the above findings and conclusions that it was the opinion of the trial judge that in this state an independent executor of an estate is vested with discretion in the allowing or refusing of a claim against the estate of his testator where such claim is barred by the statutes of limitation. We do not approve this statement of the law as a general proposition. The law is well settled in this state that, as a general proposition, it is the duty of the legal representatives of a deceased person's estate not to approve any claim against the estate which is barred by the statutes of limitation. 24 C. J. p. 297, § 907; Howard v. Johnson, 69 Tex. 655, 7 S. W. 522; Cone v. Crum, 52 Tex. 348; King's Adm'r, v. Cassidy's Adm'r, 36 Tex. 531; Moore v. Hillebrant, 14 Tex. 312, 65 Am. Dec. 118; Moore v. Hardison, 10 Tex. 467; Jackson v. Stone (Tex. Civ. App.) 155 S. W. 960; Vinson v. Whitfield (Tex. Civ. App.) 133 S. W. 1095; 14 Tex. Jur. §§ 318 and 329.

■ The learned trial judge seems to have based his decision, to some extent, upon the proposition that partial payments had been made upon the first note by the executors. Partial payments can be in no way considered as an acknowledgment of the justness of a debt or as having any bearing on the matter. 28 Tex. Jur. p. 274, § 179; Meusebach v. Half, 77 Tex. 185, 13 S. W. 979.

Article 5539, Revised Civil Statutes (1925), provides that an acknowledgment of the justness of a claim apparently barred by the law of limitation must be in writing and signed by the party to be charged thereby.

■ The trial judge was further of the opinion that one of the three independent executors having signed a note, negotiable in form, for the balance supposedly due upon the old note, barred on its face by the law of limitation, the burden would thereby be cast upon the legal representatives of the decedent's estate to affirmatively show by evidence that no exception exist-

796

ed which would justify the execution of the renewal note, and that every reasonable presumption would be indulged in favor of the action of the executor.

We conclude that just the opposite should be the rule in this state. The old note being apparently barred by limitation, and it being the duty of the legal representatives to disapprove and not allow such a debt, the renewal by one of the three executors will be presumed to have been improper, and the burden of proof will be upon the party asserting such claim against the estate to plead and prove that an exception existed, which would prevent the running of the statute of limitation. 28 Tex. Jur. p. 298, § 203, p. 299, § 204; Jolly v. Fidelity Union Tr. Co., 118 Tex. 58, 298 S. W. 530, 10 S.W.(2d) 539.

A different rule would apply where a judgment has been obtained against the legal representative of the estate. Moore v. Hillebrant, 14 Tex. 312, 65 Am. Dec. 118.

The original note shows on its face that it was barred by the law of limitation before the giving of the note herein sued on, and appellee, having failed to introduce evidence showing the existence of an exception to the rule that a legal representative should disapprove a claim barred on its face, is not entitled to recover against the decedent's estate.

Accordingly, the judgment of the court below will be reversed, and judgment here rendered that appellee take nothing and pay all costs.