# SUPREME COURT OF TEXAS.

## TYLER TERM, 1886.

---

### No. 2107.

### GARRITY & HUEY *v.* THOMPSON & OHMSTEAD.

1. INJUNCTION—DELIVERY—TRIAL OF RIGHT OF PROPERTY.—The claimant of goods in a proceeding for trial of right of property, after filing his claim and bond, but before final judgment against him, transferred his interest in the property to a third party. After judgment the claimant purchased the property from a purchaser thereof at tax sale, but it remained in the possession of his former vendee. The property was not (according to the finding of facts by the court) delivered by the claimant to the sheriff within ten days after the final judgment in the proceedings for trial of the right of property as required by statute. Afterwards the plaintiff levied and sold real estate of the claimant to satisfy his judgment, but before a sheriff's deed was made or purchase money paid, this suit was brought to restrain the plaintiff from proceeding with the collection of his judgment, and against the sheriff and purchaser at sheriff's sale, to enjoin payment of the money and the delivery of the deed, *held:*

(1) A statement made by the attorney of the claimant to the deputy sheriff within ten days after final judgment that the attorney wanted to deliver the property which was replevied and which was in the possession of claimant's vendee (the property being several hundred yards distant), was not, though assented to by the officer, a delivery of the goods. This held, in connection with the facts, that the officer went at once to consult the party in possession to have the goods checked off before receiving them; that he never found him; that he never obtained his authority to receive the goods in satisfaction of the judgment; that no order for the goods was given on the party in possession, and his consent that the officer should receive them was not shown.

(2) The claimant was entitled to a levy on other property if the goods claimed were not of value sufficient to satisfy his judgment, and a failure to shew in the petition that the amount bid for the land was not in

excess of the judgment after crediting it with what the goods claimed would have brought at forced sale, was fatal to the proceeding by injunction.

(3) If the claim in the right of property proceeding was not sustained, .10 matter for what reason, the bondsmen of the claimant were bound to return the property or its value in ten days.

(4) The rights of a creditor, to secure whose debt property has been seized, can not be affected by any transactions between a third party claiming it and others, which occur after the rights of the creditor are fixed under the claim judgment and when the property has not been returned.

APPEAL from Navarro. Tried below before the Hon. L. D. Cradley.

*Frost, Barry & Lee,* for appellants.

*Croft & Blanding,* for appellees

WILLIE, CHIEF JUSTICE. Thompson & Ohmstead, having obtained three judgments against J. S. Campbell, had execution sued out upon them and levied upon a stock of drugs, and some of the fixtures of a drug store, found in the possession of Campbell. Garrity & Huey claimed the fixtures, and filed an affidavit and bond for trial of the right of property. The district court of Navarro county gave judgment in that proceeding against Garrity & Huey, and that judgment was, on appeal, affirmed by this court. The appellants claim that they returned the property in controversy to the sheriff of Navarro county within ten days after final judgment here; but this is disputed by the appellees. After the levy upon the fixtures and claim made by G. & H., but before the trial of the right of property, Shook & Co. acquired all the right and title of both Campbell and the appellants in the fixtures through conveyances made to them by all these parties. Shook & Co. were placed in possession by their vendors, and continued to possess and hold the property down to and at the trial of this cause. Some time in 1885, and whilst Shook & Co. held possession, the property was levied on and sold for taxes due the city of Corsicana for 1884, and was bought in by the city. Afterwards the city brought suit against Shook & Co. to recover the property. Judgment was rendered in favor of the city, and a writ of possession issued, but was never executed, because in January, 1886, Garrity & Huey purchased the property from the city.

On March 16, 1886, Thompson & Ohmstead, having sued out other executions on their judgment against Campbell, had them levied upon a lot of ground in Corsicana, and, on the sixth of April, 1886, the sheriff sold the lot at public outcry to T. D. Hightower, but, at the date of the commencement of this suit, had not made a deed to the property. Garrity & Huey claimed to be the owners of the lot levied on under the judgments of Thompson & Ohmstead. This suit was brought to restrain the defendants, Thompson & Ohmstead, from proceeding further with the collection of their judgment, and against the sheriff and Hightower from carrying out the sheriff's sale by the payment of the purchase money and the execution of a deed. Judgment was rendered below in favor of defendants and the injunction dissolved, and from that judgment this appeal is taken.

The judge below, to whom all matters of law and fact were submitted, held that the property involved in the claim case was not delivered by the claimants to the sheriff, as provided by our statutes; and in this we think the court was entirely correct.

It seems that Mr. Call, representing the attorneys of Garrity & Huey, told a deputy sheriff, on the streets of Corsicana, that the attorneys wanted to deliver the property, stating at the time that it was in possession of Shook & Co. This was all that passed between Call and the deputy, and it occurred some three or four hundred yards from where the goods were in Shook & Co.'s store. It was true that Call said the sheriff accepted them; but this was clearly a conclusion of law drawn by the witness. But anyhow it was denied by the deputy, and the court found in favor of the latter's testimony.

This conversation amounted to no more than an expression of a wish to deliver the property, and a willingness on the part of the deputy that it should be delivered. The deputy had no reason to suppose that the proposal was to turn it over to him then in the street, a long distance from where it was situated, without his knowing anything about how much of it there was, and without any authority given him by which he could demand it of Shook & Co., the parties in possession. He was aware of what was nececessary to the delivery of goods in the possession of a third party, and hence went to consult the party in possession, and wanted to have the goods checked off before he would receive them. But he never found him; never obtained his authority to receive the goods in satisfaction of the claim judgment. So the wish of the appellants to deliver goods in the possession of an-

other, expressed upon the streets, was never carried out. There was no order to Shook & Co. for the articles, nor any consent on their part that the sheriff should have them. The property, at the time, did not belong to Garrity & Huey, and was beyond their control for delivery or any other purpose. They had sold it to Shook & Co., and put them in possession. Upon what rule of law could the sheriff have received the fixtures from Shook & Co., had he brought suit for them, relying upon the street conversation between him and Call which we have detailed? We apprehend that such a case would be wholly unsupported by any principle of law whatever. If so, there was no delivery.

Besides, the delivery, if it could be called such, took place, according to the finding of the court, after the expiration of ten days after the rendition of the judgment in the claim case. There is a conflict of evidence as to this, but the court found that the time had expired, and there is enough evidence to support the finding.

But admit that delivery was made. The plaintiff was still not entitled to his injunction. The property claimed in the suit for trial of right of property was valued by the sheriff at five hundred and thirty dollars. Thompson & Ohmstead's judgments, according to plaintiff's own assessments, were for between five hundred and six hundred dollars, exclusive of costs. The appellants did not allege or prove the exact amount of these judgments nor what the fixtures would have sold for at sheriff's sale. It was their duty, when seeking an injunction, to bring to the certain knowledge of the court that the judgment had been satisfied, otherwise the plaintiffs in the judgment were entitled to an execution and a levy to satisfy the balance. The statute provides that proceedings for the trial of the right of property shall, in no case, prevent the plaintiff in the suit from having a levy made upon any other property of the defendant. (Rev. Stat., art. 4847.) He certainly has a right to another levy when the goods claimed are not sufficient to satisfy his judgment. For aught the court knew in this case, there was still enough due upon the judgments, after crediting them with what the fixtures would have brought, at sheriff's sale, to require the whole purchase money of the land to satisfy it and the costs. If there was anything due, the appellees were entitled to their execution, and the court had no right to enjoin it.

We think that no delivery of the fixtures to the sheriff ever occurred; and that, if there had been a delivery, the appellees

were entitled to their execution, unless the appellants showed that the value of the fixtures paid Thompson & Ohmstead's judgments in full. It is unimportant whether the deed of trust was void or not, or upon what ground this court approved the judgment in the claim case. If the claim was not sustained, no matter for what reason, the bondsmen were bound to return the property or pay its value, and they did neither. It was also unimportant that the appellants sold the property under the deed of trust and bought it in, or that they purchased it from the city of Corsicana, after the claim proceedings were at an end. The rights of Thompson & Ohmstead could not be affected by any transaction between Garrity & Huey and third parties taking place subsequent to the trial, their rights were fixed under the claim judgment, and there was a failure to return the property. Had the property been returned, and was not available through fault of the sheriff, their recourse was upon him for its value; if not returned, their remedy was against the principal and sureties upon the claim bond. If the amount realized in the claim case did not satisfy the original judgments, they were entitled to a levy upon sufficient other property to pay the balance.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered November 16, 1886.