GEO. F. ALFORD v. MARY P. HALBERT ET AL.

No. 6038.

1. **Guardian and Ward—Administration.**—Under title 47, chapters 10 and 18, Revised Statutes, when a minor died, the County Court in which guardianship of his estate was pending had no power to order the sale of property of the estate to pay debts. If debts remained unpaid the entire estate of the minor was subject to administration, which could be opened in the county of the domicile of the heir at the time of his decease, and would embrace the administration of the entire estate. See opinion for facts.

2. **Administration.**—The pendency of a suit involving the right to property claimed by an estate, which does not involve the collection and payment of debts, will not prevent administration of the estate for the benefit of creditors.

APPEAL from Dallas. Tried below before Hon. Geo. N. Aldredge.

The following statement of the case was made by counsel for appellant and concurred in by counsel for appellee:

Earle E. Cravens, a minor, owned an estate consisting of twenty-seven tracts of land lying in various counties in Texas. George F. Alford, her uncle, was appointed guardian of her person and estate previous to the year 1880 by the County Court of Anderson County, Texas, and as such guardian inventoried and administered the estate in said court until the death of Earle Cravens.

Previous to 1880 Earle Cravens became a permanent resident of Dallas County, Texas, and so continued until she died in said county in the month of April, 1880, intestate and while she was still a minor.

Previous to her death she made to W. G. Veal a deed conveying to him upon certain trusts all of her lands except four tracts specified, which she reserved for the payment of her debts.

Shortly following her death Geo. F. Alford, as guardian, filed in the County Court of Anderson County his final account, in which he stated the death of his ward, the conveyance to Veal, the facts of the indebtedness of her estate to himself and some other persons named, and treating

her estate at her death as consisting only of the four tracts of land not conveyed by her to W. G. Veal, prayed for the approval of his account and the sale of the four reserved tracts of land to pay debts.

Mary P. Fortson (now Halbert), the appellee, was the sister and sole heir at law of said Earle Cravens.

Mary P. Fortson contested in the County Court of Anderson County the final account of Geo. F. Alford on the ground of invalidity of the conveyance to W. G. Veal.

The County Court sustained the exceptions of Mrs. Fortson to the conveyance to W. G. Veal, and made its final judgment in the guardianship, treating all of the lands conveyed to W. G. Veal as part of the estate of Earle Cravens, deceased, remaining in the hands of George F. Alford as her guardian, but approving final account in other respects, and further adjudging as follows:

"It is further found by the court that the estate of the said Earle E. Cravens is indebted as follows, to-wit: To George F. Alford, guardian, $1061.75; one-half of judgment of J. J. McBride v. George F. Alford, $240; one-half of Judge James' costs ($85), $42.50; one-half George R. Howard's cost ($7.20), $3.60; J. W. Genlick's account, $22; fee of T. J. Williams, attorney, $200. Total, $1569.86.

"It is ordered by the court that T. J. Williams, Esq., be allowed the sum of $200 for his services as an attorney for the guardian of this estate, George F. Alford."

The court further found that Earle Cravens was a minor, and that her sister, Mrs. Fortson, was her only heir.

It was ordered that the guardian retain in his hands subject to the future order of the court and for the payment of debts seven tracts of lands, which were described, including the same four tracts that the guardian had asked to be sold to satisfy debts, because not included in the conveyance to Veal; all of the tracts, or the proceeds thereof after the payment of debts, to be delivered by the guardian to Mrs. Fortson.

It was further ordered by the court that "inasmuch as said lands so ordered to be retained in the hands of the guardian are sufficient in value to pay off and discharge all claims and demands against said estate, that the said guardian do now turn over and deliver to said Mary P. Fortson all the balance of the estate of Earle E. Cravens, deceased, as follows," fully describing all the remainder of the estate.

It was further ordered that the guardian's application to be discharged be postponed until the payment of all debts against the estate, and that he report to the court.

George F. Alford perfected his appeal from this judgment to the District Court of Anderson County.

While these proceedings were pending in the County Court Mrs. Fortson had begun an original suit in the District Court of Anderson County

against Veal and others to set aside the deed from Earle Cravens to Veal and others, and this suit was consolidated in the District Court with the appeal from the County Court.

Afterward on the 7th day of December, 1881, the consolidated case was tried in the District Court of Anderson County, and judgment was rendered that the deed from Earle Cravens to W. G. Veal be set aside as null and void, and so much of the final account of George F. Alford as guardian as treated the deed to W. G. Veal as valid was disapproved, and the final account of George F. Alford as guardian showing the indebtedness of his ward's estate to be $1569.86 was approved and allowed, and the further sum of $46 was also allowed and added to the amount due Alford as such guardian, making the total amount due Alford to be $1107.86 instead of $1061.76.

It was further ordered that Mary P. Fortson, as the only heir of Earle Cravens, "was entitled to the entire estate of Earle Cravens, subject to the payment of all just debts," and that guardian "retain in his hands, subject to the action of the County Court for the payment of said debts as the court decided, the following lands, viz." (describing the same seven tracts reserved for the same purpose by the County Court), and further directing that if there was a surplus from the reserved lands after the payment of debts and costs the same should be turned over to Mrs. Fortson, and that if she first paid the debts and costs the lands should be turned over to her and not sold.

Further ordering: "It appearing to the County Court that the said last mentioned tracts of land are sufficient to pay off and satisfy said claims and demands, it is ordered by the court that said George F. Alford do now turn over and deliver to said Mary P. Fortson all said twenty-eight lots of land hereinbefore mentioned in this decree described, except the seven tracts to be retained in his hands for the purposes directed, and that he turn over to the said Mary P. Fortson all the balance of the estate of said Earle Cravens, and that said judgment be certified to the County Court of Anderson County to be carried into effect."

From this decree of the District Court of Anderson County George F. Alford perfected a nonsuspensive appeal to the Supreme Court of the State, by which court the decree was affirmed on the 2d day of October, 1882.

No payment or offer to pay aforesaid debts of the estate of Earle Cravens was ever made.

Earle Cravens having died while a minor and resident of Dallas County, Texas, at her home in Dallas County, intestate, George F. Alford, her creditor and guardian, opened administration upon her estate in that county. An inventory of the estate was filed by Alford, who properly qualified as such administrator.

The first inventory included only the four tracts not deeded to Veal,

because the contest as to the validity of the deed to him was not then ended.

A proper exhibit of the condition of the estate, showing a necessity to sell property belonging to it to pay debts, showing that no property except said four tracts of land belonged to it, and a petition praying for their sale, was filed by Alford, the administrator, in the County Court of Dallas County, and after taking the proper course with the application the court ordered the sale of the four tracts of land, and they, after the proceedings required by law and order of sale were had, were sold as directed by the order to the defendant A. N. Alford, a brother of George F. Alford. The sale having been reported to the County Court was by it confirmed, and the purchaser having complied with the terms of sale the administrator made to him deeds conveying the four tracts of land, which lands were afterward and before the commencement of this suit sold by said A. N. Alford for valuable considerations to purchasers without notice. The intervenor in this case, Wilson, was one of such purchasers, and intervened to set up his title and had judgment in the court below for the land so purchased by him, which judgment in his favor is not complained of by any of the parties to this suit.

Afterwards the administrator filed in the County Court an additional inventory in which he included all the lands embraced in the deed as part of the estate of his intestate.

Subsequently an application to sell the then remaining tracts of the seven set apart by the courts to pay the debts was made in the County Court of Dallas County, but no sale of them was made. The four tracts of land sold to A. N. Alford did not bring enough money to pay the debts of the estate.

The proceeds of sales have been devoted to the payment of the debts of the estate, and except what part of debts have been discharged by the money received from the sale the whole of the indebtedness of the estate, as well as the expense of its administration, remain unpaid and due.

Since these proceedings no action had been had in any of the courts of Anderson County with regard to the estate of Earle Cravens.

While proceedings to sell the remaining three sections were pending in the County Court of Dallas County Mary P. Fortson filed her petition (which was the commencement of this suit) in the said County Court of Dallas County to enjoin the sale and to annul and set aside the administration on the grounds that the court was without jurisdiction to grant or conduct such administration, and that the administration was procured by fraud. The case was tried in the County Court, resulting in a judgment declaring that the administration was null and void for fraud and want of jurisdiction, and setting aside and canceling all proceedings had therein.

From that judgment of the County Court the defendants appealed to

the District Court of Dallas County, where the cause was tried upon a demurrer of the defendants (the Alfords) to plaintiff's petition, resulting in a judgment sustaining the demurrer and dismissing plaintiff's petition.

From that judgment Mary P. Fortson appealed to the Supreme Court, and the case having been referred by it to the Commission of Appeals a judgment was rendered by it reversing the judgment of the District Court and remanding the cause to the District Court.

In the District Court, both parties having amended their pleadings and waived a jury, the cause was heard by the court both upon questions of law raised by general and special exceptions filed by defendants to the petition of plaintiff and upon the facts. The court overruled both the general and special exceptions of defendants and rendered judgment for the plaintiffs, declaring the administration in the County Court of Dallas County null and void for want of jurisdiction and fraud, and setting aside and vacating all of the proceedings had therein in so far as were concerned the said George F. Alford and A. N. Alford, and in all other respects except and saving only the rights of innocent purchasers of the lands sold by the administrator, and rendering judgment in favor of the intervenor Wilson for the tracts by him purchased of A. N. Alford, who purchased the same at administrator's sale.

Neither party complained of the judgment in favor of the intervenor.

To the judgment in favor of plaintiffs the defendants excepted and gave notice of appeal to the Supreme Court.

*Jeff. Word, Jr.,* and *Leake & Henry,* for appellant. — 1. There being debts unpaid and not offered to be paid, the remedy and only remedy that the law gave the creditor was to open the administration, and in the case of Earle Cravens the proper place to open such administration was in the County Court of Dallas County. Rev. Stats., chs. 10, 18; Young v. Gray, 60 Texas, 541; Timmons v. Bonner, 58 Texas, 554; Veal v. Fortson, 57 Texas, 486–8; Fortson v. Alford, 62 Texas, 576–80; Berry v. Young, 15 Texas, 370; Shoul. on Dom. Rel., 424.

2. Neither a controversy in the County or District Courts about what property belongs to the estate of a decedent, or about the fact or amount of indebtedness existing against the estate of such decedent, or the adjudication of such issues by finding judgments in said courts, prevent administration of the estate of such decedents for the benefit of creditors not parties to such suits, nor for creditors who are parties to such suits.

3. A litigation by or about the estate of a decedent not embracing the collection and payment of indebtedness existing or claimed against it does not preclude opening administration upon such estate.

4. The court erred in revoking the letters of administration upon the estate of Earle Cravens, deceased.

*Read, Greer & Greer,* for appellees.—The decision of this cause (Fortson v. Alford, 62 Texas, 576) should govern the trial court in the second trial, from which this is an appeal, because, even though erroneous, it has become *res adjudicata.* Frankland v. Cassaday, 62 Texas, 418; Holmes v. Coryell, 58 Texas, 685.

COLLARD, JUDGE.—This is the second appeal of this case. See Fortson v. Alford, 62 Texas, 576. The former appeal was by Mrs. Fortson, now Mrs. Halbert, the present appellee, from the judgment of the District Court of Dallas County, sustaining exceptions to her petition, and resulted in a reversal of the cause for trial on the petition.

On the former appeal the orders of the Probate Court of Anderson County in the guardianship of Earle Cravens and the orders of the Probate Court of Dallas County in the administration of the estate of the deceased minor were reviewed and discussed, and it is claimed by appellees that it was the opinion of the Commission of Appeals, whose conclusions and opinion were adopted by the Supreme Court, that the Anderson County Court, after the death of the ward, still had control of her estate for the purpose of settlement with the guardian, and that therefore the Dallas County Probate Court had no jurisdiction over the estate to grant letters of administration or to order sales of property to pay the debts against the estate. The Probate Court of Anderson County restated the final account of the guardian Alford, requiring him to account for land (twenty-four tracts) which had been conveyed by the minor to W. G. Veal in trust, fixed the aggregate amount of the debts of the estate at $1569.86, of which $1061.76 were due the guardian and the residue to others. It also ordered the guardian to retain in his hands, subject to future orders of the court and for the payment of the debts, seven tracts of land, which after payment of the debts it or what was left of its proceeds was to be delivered to the heir of the minor Mrs. Fortson. The court deeming the seven tracts sufficient to pay the debts ordered the guardian to turn over to the heir all the rest of the estate, and it was further ordered that "if the said Mary P. Fortson (the heir) should satisfy and pay off said debts and costs that Alford (the guardian) should deliver to her the lands to be retained by him."

Alford appealed from this judgment to the District Court of Anderson County, filing his appeal bond on the 30th of August, 1880. The District Court rendered substantially the same judgment as that appealed from, when Alford again appealed to the Supreme Court, which affirmed the judgment on the 2d day of October, 1882.

In September, 1880, the month following that in which the appeal was perfected from the decree of the Anderson County Probate Court, Alford applied to the Probate Court of Dallas County for letters of administration upon the estate of his deceased ward, setting up that she

resided in Dallas County at the time of her death, that at the time of her death she owned considerable real and personal property worth about $700, and that there were debts outstanding against her estate, and that deceased was indebted to him.

The administration was granted and inventory filed of only four tracts of land, that not embraced in the Veal deed, which were sold by order of the court to pay the debts, and application was then made by the administrator to sell the remaining three tracts ordered to be retained by him by the Anderson County Court to secure the payment of debts, when on the 28th of February, 1882, the heir (Mrs. Fortson) filed a bill of review in the Dallas Probate Court asking the court to review and annul all former orders in the administration upon the ground that the court had no jurisdiction and that the administration was obtained by fraud. The court upon hearing granted the prayer and declared the administration null and void for want of jurisdiction, and canceled all former proceedings. Alford appealed to the District Court of Dallas County, whereupon demurrer of defendants the court sustained the demurrer and dismissed the case.

From this judgment Mary P. Fortson appealed to the Supreme Court, which, on the 5th day of December, 1884, reversed and remanded the cause, as before stated. The judgment in the District Court of Anderson County in the guardianship proceedings was affirmed by the Supreme Court October 20, 1882.

In reversing the cause on appeal of Mrs. Fortson from the judgment of the District Court of Dallas County dismissing her bill of review, the opinion of the commission argues as follows: "All the parties at interest were before the court when these proceedings were had in Anderson County. The court there had jurisdiction of the entire subject matter of the estate of Earle Cravens, deceased—appellant's asserted right thereto and Alford's claim against the estate. Upon Alford's own application, and it seems without any objection upon the part of appellant, he was permitted to retain control of seven tracts of land, which were adjudged to belong to appellant, to secure the payment of his claim; and by the terms of the decree the appellant had the right to pay off the claim and thereby secure the possession of the seven tracts of land. But Alford by his appeal to the District Court suspended appellant's right to pay the claim and secure control of the land, or at least rendered the exercise of that right doubtful. Under such state of case certainly the County Court of Dallas County would have no jurisdiction or power over the subject matter of the litigation then pending in the courts of Anderson County." Then, after reciting the allegations of fraud, the court say: "Upon these allegations, aside from the question of want of jurisdiction or want of power in the County Court of Dallas County, appellant was entitled to a hearing." The court expressly declined to decide whether the Pro-

bate Court of Anderson County, after the death of the ward, on settlement of the guardian's final account, had the power to order a sale of lands of the estate to pay the debts still due. The Probate Court of Anderson County had not assumed such power. After adjusting the account requiring the guardian to account for all the land, as well that not embraced in the minor's deed to Veal as the other four surveys not conveyed, the court ordered him to deliver to the heir twenty-one of the tracts of land, and to retain the remaining seven subject to payment of the debts found to exist, giving the heir the option to pay the debts and take all the land. The court then refused to discharge the guardian, but ordered his application for discharge "postponed until the payment of all the debts against said estate, and that he report to this court." The District Court on appeal did not assume to order a sale of any of the seven tracts of lands to pay the debts, and on appeal of that proceeding to the Supreme Court, Chief Justice Gould, noting the fact that no order of sale was made by the court, said "no question as to its power to do so is before us." He said, however, that the Probate Court, and on appeal the District Court, had the power to do what was done.

Now, what proceedings were pending in the guardianship to which the language of Judge Watts, in the extract from his opinion above quoted, can apply? Not a sale of land to pay debts. The entire proceedings were by order of the court suspended until the debts were paid out of the land adjudged to stand in the hands of the guardian subject to the debts, or until Mrs Fortson should avail herself of the privilege allowed her to pay off the debts. The court did not require her to pay the debts. There was nothing pending then except Mrs. Fortson's right of choice to pay off the claims against the estate and the final discharge that would follow, for which the guardianship was continued. This option to pay the debts she has never exercised. It is admitted in proof on the trial that she has never offered or tendered payment, though the judgment authorizing her to do so was affirmed in October, 1882, since when there can be no pretense of her intention to do so, or that she ever had any such intention. Notwithstanding Alford's appeal from the judgment of the Probate Court of Anderson County to the District Court, had she offered to pay the debts and made a tender, as she could have done, then there would have been no occasion for the administration in Dallas County. The facts now before us show that she never intended to do so, and that no right she intended to exercise was suspended by Alford's appeal to the District Court, and in such case Alford had the right to apply to another tribunal that had power to order a sale of the land and carry into effect the order giving security on the seven tracts of land to satisfy the debts unless the Probate Court of Anderson County in the guardianship had that power.

The orders of the court left him in possession of seven tracts of land

subject to the claims, but made no provisions for the enforcement of the lien by sale.   Mrs. Fortson then making no tender of the amount of the claims, how was he to force a sale of the land and obtain the funds to discharge the debts and to secure his discharge?   He could not apply to the District Court for such order because he could not show that there was no necessity for administration.   We think the only course left him was to administer in the proper court upon the estate of the deceased ward.   There is no authority under our law in a guardianship proceeding giving the Probate Court jurisdiction to order a sale of land to pay debts after the death of the ward.   "Death of the ward necessarily terminates the guardianship."   Fortson v. Alford, 62 Texas, 580.

Under the statutes of this State upon the death of a ward the guardian must make final settlement by filing his final account, notice of which must be given to his executor or administrator if he have one, and if he have none notice is provided for by publication or posting.   Upon the approval of the account the court is required to direct the guardian to deliver the estate remaining in his hands to some person authorized to receive it, upon a compliance with which the guardian is to be discharged.   Rev. Stats, arts. 2686–88.

The allegations of fraud in procuring the administration were not sustained by proof.   The proof shows that Mrs. Fortson never intended to avail herself of the privilege of paying the debts shown to be due by the guardian's final account, and hence the appeal of Alford from the probate orders of the Anderson County Court to the District Court in no wise injured her in respect to that right.   Such right is shown by the proof to be of no jurisdictional importance if it ever had any in the abstract.

We conclude the court erred in revoking the letters of administration and other orders of the Probate Court of Dallas County, and that the cause ought to be reversed and dismissed.

*Reversed and dismissed.*

Adopted June 18, 1889.