### WALLACE & WAGGENER v. H. C. TERRY.

(No. 2853.)

*(Transferred from Tyler.)*

APPEAL from Hopkins County. Opinion by WHITE, P. J.

KING & WHITTLE, counsel for appellants.

No counsel appeared for appellee.

§ 58. *Claim bond; measure of damages in suit on; res adjudicata; case stated.* "The history of this action briefly is this: On the 12th day of December, 1887, appellants, by their attorneys, King & Whittle, purchased from one L. N. Echols, in the city of Sulphur Springs, the goods mentioned in Exhibit A in the plaintiff's petition. Said goods were purchased to satisfy a debt due to appellants by said Echols. Said goods were delivered by said Echols to said King & Whittle as attorneys for appellants. On the same day, after the sale and delivery of said goods to said King & Whittle, appellee had levied upon said goods an attachment issued by J. W. Crabtree, J. P., precinct No. 1, Hopkins county, on an alleged debt due appellee by one G. M. Tribble. At the time of the levy of said attachment said goods were in the possession of said King & Whittle, as attorneys of appellants. On

the 14th day of December, 1887, appellants filed their affidavit and claim-bond for the trial of the right of property under the statute, which bond and affidavit was taken by the proper officers with the other necessary papers and filed in the county court of Hopkins county. That the first term of said court which convened thereafter was on the 19th day of December, 1887. The second term of said court convened thereafter on the 20th day of February, 1888. That H. C. Terry, appellee, failed to file his tender of issue in said cause until the day after appearance day at said second term. That thereupon said cause was dismissed from said court on demurrer of appellants, upon the ground that appellee had not filed his tender of issue within the time prescribed by the statute; and judgment was then and there rendered against appellee for the costs therein expended. That afterwards appellee instituted his suit in said court, from which this appeal is taken, against Wallace & Waggener and their sureties on said claim-bond, to which suit appellants answered by general demurrer, general denial and a special plea of *res adjudicata*, setting up said dismissal and judgment against appellee for costs as a bar to this action, and also a special plea making a tender of issue showing their right to the possession of and title in said goods. The general demurrer of appellants to appellee's petition was overruled by the trial court, and appellee's special exception to appellants' special plea of *res adjudicata* was sustained by the court, and said plea was stricken out, to which ruling appellants excepted, and appellee's special exceptions to appellants' special plea making a tender of issue, claiming possession of and title to the goods at the time they were levied upon, was overruled by the court; and so, upon the issues thus made up, the plaintiff's original petition and appellants' general denial and special plea making a tender of issue of their right to said goods, the parties went to trial, submitting the matter in controversy to the court, without the interven-

tion of a jury, whereupon the court, upon the hearing of the ·case, rendered judgment for appellee. Appellants appealed from the judgment." This statement of the case we have taken from appellants' brief. We have referred to the record, and find that the statement is incorrect in a most important particular. The case for the trial of the right of property was not dismissed because the plaintiff failed to appear and file his tender of issues on appearance day of the second term of court. [R. S., art. 4836.] On the contrary, the judgment of dismissal, as set out in the answer of appellants in this suit, recites that the case was dismissed on special exceptions made by appellants to the date of the filing of the appellants' (claimants') bond; and, in his conclusions of fact and law, the judge finds that "the suit was dismissed by claimants at the February term of the county court, 1888, on demurrer of claimants alleging the claimants' bond was filed too late." He also finds that "the demurrer was not resisted by plaintiff, H. C. Terry." So that it appears that the trial of the right of property was dismissed at the instance of appellants, and for failure to have their own bond filed in time. There was no trial on the merits, and no disposition of the property made by the judgment, which was simply a judgment for costs. Appellants, the claimants, did not establish their claim and right to the property, nor was any further effort made by them to do so. [Zurcher v. Krohne, 63 Tex. 118.] In Garrity v. Thompson, 67 Tex. 1, it is said: "If the claim is not sustained, no matter for what reason, the bondsmen were bound to return the property or pay its value, and they did neither." When property is not returned as provided for and within the time (ten days) prescribed by statute [art. 4845, R. S.], the remedy is against the principal and sureties on the claim-bond. [67 Tex. 5.] Some immaterial errors may have been committed on the trial of this case in the lower court, but from our investigation and consideration of the entire record we have

found no such error as would warrant a reversal of the judgment, and it is therefore affirmed.

December 18, 1889.

### ON REHEARING.

(Feb. 15, 1890.)

SCOTT & LEVI, for appellants.

WHITE, P. J.  The judgment rendered in the court below on the trial of this case was affirmed at the last Tyler term, and a motion to set aside said judgment and . for a rehearing having been filed, we are now called upon ' to determine said motion.  One of the main questions presented in the motion is as to the correctness of the judgment rendered in the court below.  It seems that the court and parties on the trial treated and considered the rights of the parties with reference to our special statutes governing trials of the rights of property, and attempted to render a judgment in conformity with the provisions of said statutes.  [R. S., arts. 4840, 4841, 4843, 4845.]  The case, as made by the pleadings, was not an action to try the right to property, and the statutes concerning that character of action had nothing to do with the case.  The suit was for damages for breach of a contract, or rather breach of the conditions of a bond executed by appellants.  It is true the said bond was one executed and filed by them as claimants in a suit for the trial of the right to certain property which had been attached by appellee, Terry.  But while that case was tried and judgment rendered for costs against appellants, who failed to establish their right to the property, still no judgment, on the other hand, was rendered for his debt and interest in favor of Terry, as provided by our statutes in the articles above referred to, could have been done.  There is no question but that Terry, had he so desired, could have had his rights determined and judgment rendered in the suit in conformity with these stat-

utory provisions; and perhaps the court, of its own motion, should have rendered such a judgment as is prescribed by said statutes in cases where the claimant has failed to establish his rights to the property claimed. This was, however, not done, and, not having been done in that suit, was Terry thereby concluded from bringing a separate action for his damages upon the claimants' bond for a breach of its conditions? We think not. He could treat it as a common-law obligation, and recover upon it to the extent of his debt. His failure to take his statutory judgment was no waiver of this right of action. Under their bond claimants were obligated to return the property within ten days, and he had every reason to expect that the obligors would comply with the conditions of the bond. "If the claim in the right of property proceedings was not sustained, no matter for what reason, the bondsmen of the claimant were bound to return the property or its value in ten days." [Garrity v. Thompson, 67 Tex. 2.] The action of the plaintiff Terry in the court below was simply a suit for damages upon the bond as a common-law and not a statutory obligation. The statutory provisions with regard to the specific action of trial of right of property had nothing to do with, and were in no manner applicable to, the case. The court and parties below sought to make them apply, and endeavored to render the judgment in accordance with the provisions of these statutes. If those statutes had been applicable, this judgment was erroneous in that it assessed damages upon the value of the property, whereas plaintiff's claim was of less amount than such value [R. S., art. 4841]; and the court further erred in assessing the damages at twelve instead of ten per cent., as provided by the statute [R. S., art. 4840]. But, as stated above, these statutes had no application to the suit.

Plaintiff sued to recover his damages upon the bond.

What were his damages? His damages were the amount
of his debt, which as stated in his writ of attachment
was $165.10, and interest whatever it amounted to.   He
was not entitled to recover the full amount of the bond,
because that amount was greatly in excess of the amount
of his debt, and he could only recover upon it to the ex-
tent of his debt and interest, which was the measure of
his damages.   In all conditional bonds, as a general rule,
the sum stipulated to be paid upon a breach will be con-
strued as a penalty, and not as liquidated damages; "and
where a bond contains a condition that it shall be void
upon the performance or non-performance of a certain
act, the presumption is that the sum of money men-
tioned is intended as security, and not as liquidated dam-
ages."   "In general, a sum of money in gross, to be paid
for the non-performance of an agreement, is considered
as a penalty, the legal operation of which is to cover the
damages which the party in whose favor the stipulation
is made may have sustained from the breach of contract
by the opposite party."   [2 Amer. & Eng. Enc. Law,
p. 462, and note.]   Appellee's damages in this case should
be limited, and his right of recovery restricted, to the
amount of his debt and interest; said amount being less
than the value of the property as stated in the bond.
For the reasons above stated we are of opinion that the
judgment rendered in the lower court is erroneous, and
that the motion for rehearing should be granted and our
judgment of affirmance set aside; but there is no neces-
sity that the cause should be remanded.   Judgment will
therefore be here rendered and reformed in favor of ap-
pellee, that he may have and recover of the appellants
Wallace & Waggener and the sureties upon their claim-
ants' bond the sum of $165.10, together with interest
upon the same at the rate of eight per cent. per annum
from the date of said bond, to wit, the 14th d .y of De-
cember, 1887, and costs of suit in the lower court; but

the costs of this appeal will be awarded in favor of appellants, against H. C. Terry, appellee. Motion for rehearing granted, and judgment

February 15, 1890.          Reformed and rendered.