A. P. ANDERSON v. MRS. N. C. COCHRAN, ADMINISTRATRIX.

No. 907. Decided May 31, 1900.

1. **Administration—Affidavit to Claim—Signature.**

The affidavit required to establish a claim against an estate (Revised Statutes, articles 2072, 2074) must comply with the requirements of Revised Statutes, article 6, as to affidavits, "* * * be in writing and signed by the party making same." (Pp. 584, 585.)

2. **Affidavit—Construction of Statute.**

The words in Revised Statutes, article 6, "all affidavits provided for in this title," must be taken to mean all those concerning or relating to which the provisions of the title are made; since no affidavits are provided for in the title in the sense of being required or prescribed thereby. (Pp. 584, 585.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Second District, in an appeal from Bosque County.

*Wm. M. Knight* and *H. S. Dillard,* for appellant.—An affidavit to a claim presented to an administratrix for allowance, which states all the facts that the statute requires to be stated, and which was in fact sworn to by the claimant, as the certificate of the officer shows, is sufficient although not subscribed by affiant.

An objection that an affidavit to a claim presented to an administrator is not signed by the affiant, is waived when not specified as a ground for rejecting the claim, if the affidavit states the facts required by the Statute. Alford's Admrs. v. Cochrane, 7 Texas, 485; Shelton v. Berry, 19 Texas, 154; Crosby v. McWillie, 11 Texas, 94; Dunn v. Sublett, 14 Texas, 527.

*J. A. Gillette,* for appellee.—The account upon which appellant's second amended original petition is founded is not supported by affidavit as required by law, and had never been legally presented to appellee as the administratrix of the estate of B. F. Cochran, deceased, for her allowance or rejection, as a claim against said estate, and no judgment can be rendered in favor of appellant upon said claim for money when the same has not been legally presented to said administratrix, and by her rejected, either in whole or in part. Rev. Stats., arts. 6, 2072, 2090; Lanier v. Taylor, 41 S. W. Rep., 516; Kohn v. Washer, 69 Texas, 67.

A statement attached to a claim presented to an administrator for allowance or rejection, purporting to be an affidavit, but not signed by the person by whom it is claimed to have been made, is a nullity, and confers no rights upon such person. Rev. Stats., art. 6; Lanier v. Taylor, 41 S. W. Rep., 516.

WILLIAMS, ASSOCIATE JUSTICE.—On certified questions from Court of Civil Appeals for the Second District as follows:

"This suit was brought by A. P. Anderson against Mrs. N. C. Cochran, as the administratrix of the estate of her deceased husband, B. F.

Cochran, to recover the amount of an open account which Anderson claimed was due him at the death of Cochran. On the 29th day of July, 1893, he made an affidavit to the account, in the language of the probate statute on that subject, before the proper officer, but did not sign the affidavit. The claim thus authenticated was presented to the administratrix, who, on January 2, 1894, indorsed upon it in general terms that it was rejected and disallowed as a just claim against said estate. This suit was consequently brought to establish the claim, and a demurrer was sustained to the petition and the suit dismissed, from which judgment this appeal is prosecuted.

"We deem it advisable to certify to your honors for decision the question (evidently the controlling question in this case) whether or not the affidavit to the account was sufficient without being signed by the affiant? That is to say, what effect, if any, did the adoption of article 6, title 2, of the Revised Statutes, have upon article 2072 of the Revised Statutes?

"If it should be held that the affidavit was not a nullity, but a sufficient authentication of the claim, then the further question is presented by the record and urged upon us by counsel, whether or not article 2323, under which appellant by an agent proved up the account, applies to a suit against an executor or administrator upon a claim accruing against the testator or intestate; and we deem it advisable to certify this question also, in that event."

Article 2072 of the Revised Statutes prohibits executors and administrators from allowing any claim for money against the testator or intestate unless it is accompanied by an affidavit to the facts prescribed.

Article 2074 provides that the affidavit may be made before any officer authorized to administer oaths and give certificates thereof. Article 2075 provides that an allowance or approval of a claim without "such affidavit as is required by the preceding articles of this chapter" shall be of "no force or effect."

It is thus seen that while the probate law defines the facts which must be sworn to, it uses the word affidavit without any attempt to define it. Since the facts here required must be contained in an affidavit, we must look elsewhere to ascertain what is meant by that word. The decisions prior to the adoption of the Revised Statutes of 1879 had defined an affidavit to be "a voluntary oath before some judge or officer of the court to evince the truth of certain facts" (Shelton v. Berry, 19 Texas, 154; Crist v. Parks, 19 Texas, 234), and had held that the signature of the affiant was not an essential part of it.

But in the revision of 1879 this provision was added to those previously existing concerning affidavits: "Art. 6. All affidavits provided for in this title shall be in writing and signed by the party making same." The language is mandatory and necessarily has the effect to make the signature of the affiant an essential part of all affidavits embraced within the provision. The use of the words "provided for in this title" would suggest the inquiry whether or not there was a purpose to

restrict the provisions to some class of affidavits therein prescribed or provided for and exclude others, if we could find in the title any such provision. But none of the articles of the title require or prescribe any affidavit. They relate, first, to the mode of administering oaths and affirmations; second, to the officers who may administer them and before whom affidavits may be made; third, to the making of affidavits by attorneys and agents. Article 4 does refer to oaths, affirmations, and affidavits necessary or required by law, and article 5 to affidavits made at the commencement or during the progress of any civil suit or judicial proceeding, and these articles thus mention distinct classes of affidavits. But they do not provide for such affidavits in the sense that they prescribe or require them, but refer us to other provisions of law prescribing the kind of affidavit that must be made for particular purposes. There is therefore in this title no affidavit "provided for" in the sense of being required or prescribed. All of the provisions are made concerning and relate to affidavits. By affidavits "provided for in this title" the Legislature must have meant those concerning or relating to which the provisions of the title are made, since no affidavits are provided for in any other sense. Had it meant to restrict this provision to affidavits necessary or required by law as mentioned in article 4, or to those made at the commencement or during the progress of a civil suit or judicial proceeding, mentioned in article 5, the particular article or articles, instead of the whole title, would have been referred to in article 6. But the language used fits the provisions of all the articles as well as it does the provisions of any particular article, and, besides, no reason suggests itself for requiring the signature to one kind of an affidavit more than another. Article 6, therefore, applies to affidavits such as that in question and adds to the requisites which before existed that of the signature of the affiant. Almost all of our laws requiring affidavits, such as those regulating attachments, sequestrations, distress warrants, injunctions, and many others simply use the word "affidavit" as does the probate law, and this necessarily refers the question as to what constitutes an affidavit to the existing statute upon that subject. The probate law expressly refers to other provisions of law determining the officers before whom affidavits may be made, and, by the mere use of the word "affidavit," as evidently refers to other laws determining the constituents of an affidavit.

It is urged that article 8 was intended to permit affidavits without the signature of the affiant, as required by article 6. The language of article 8 refers only to the administration of oaths, the taking of affidavits, the certification thereof by the officers, and the officers who may do this, and not to the contents and requisites of affidavits. The construction contended for would wholly destroy the operation of article 6.

We answer that the affidavit was not sufficient.

The answer to the first question renders an answer to the second unnecessary.