REEVES v. FUQUA. (No. 937.)*

(Court of Civil Appeals of Texas. Amarillo. March 8, 1916. On Motion for Rehearing, April 5, 1916.)

1. COURTS ⬯36 — JURISDICTION — PROBATE COURT.

Probate courts are courts of general jurisdiction as to all matters within the scope of their powers, and all presumptions will be indulged as to their jurisdiction over such matters the same as in favor of the jurisdiction of any other court of record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 142–144; Dec. Dig. ⬯36.]

2. JUDGMENT ⬯5—ATTACK.

Where a domestic judgment is attacked, it is necessary, in order to ascertain the rules applicable, to determine whether it was rendered by a court of general jurisdiction over the subject-matter, whether the attack is direct or collateral, whether the evidence is apparent on the face of the record, and, if not, whether outside evidence is competent, and whether the ground of the attack is one which goes to the power of the court or is a matter of procedure.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. ⬯5.]

3. EXECUTORS AND ADMINISTRATORS ⬯13— APPOINTMENT—VALIDITY—ADJOURNMENT OF COURT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3218, requiring all orders of the county court in probate matters to be rendered in open court and at a regular term, the fact that an order appointing a permanent administratrix was entered after the court had adjourned for the day, and without a formal reopening of the court, does not invalidate the appointment, especially as against attack in proceedings to sell property under a trust deed to satisfy a claim allowed against the estate on the approval of the administratrix.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 26; Dec. Dig. ⬯13.]

4. EXECUTORS AND ADMINISTRATORS ⬯234— ALLOWANCE OF CLAIMS—APPROVAL BY ADMINISTRATRIX.

Where the probate court allowed claims against the estate on the approval of a duly appointed permanent administratrix, the allowance was valid, though the same claims had been previously allowed on approval by the same person as temporary administratrix under a void appointment, and the same verification of claim was presented to the permanent administratrix as to her as temporary administratrix.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 832–836½, 842, 842½; Dec. Dig. ⬯234.]

On Motion for Rehearing.

5. EXECUTORS AND ADMINISTRATORS ⬯234— ALLOWANCE OF CLAIMS—RECORD.

A record of claims allowed against an estate which showed an itemized list of the claims allowed to a certain creditor during the temporary administration under a void appointment, followed by an entry showing an allowance of the total amount of those claims during the permanent administration, sufficiently shows that the claims were allowed during the valid permanent administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 832–836½, 842, 842½; Dec. Dig. ⬯234.]

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by W. H. Fuqua against Mrs. Minnie Reeves, as administratrix, to foreclose a deed of trust. Judgment for the plaintiff, and defendant appeals. Affirmed.

See, also, 183 S. W. 34.

W. W. Kirk, R. M. Ellerd, and Mathes & Williams, all of Plainview, and Speer & Brown, of Ft. Worth, for appellant. Graham & Graham, of Plainview, and W. H. Kimbrough and Madden, Trulove, Ryburn & Pipkin, all of Amarillo, for appellee.

HENDRICKS, J. On November 7, 1914, the appellee, W. H. Fuqua, filed his petition in the county court of Hale county, Tex., against Minnie Reeves, as administratrix of the estate of Oscar Reeves, seeking the enforcement and foreclosure, through the medium of the administratrix, of a deed of trust and the application of the proceeds of sale to certain indebtedness alleged to have been approved by the administratrix and allowed by the probate court in a permanent, as well as a temporary, administration of said estate.

Mrs. Reeves, for herself, and as "next friend" of her minor children, attempted to resist appellee's petition by virtue of allegations attacking the appointment of Mrs. Reeves as temporary administratrix, the approval of appellee's claim by her in such capacity, and the allowance by the court during said temporary administration, likewise attacking the appointment of Mrs. Reeves as permanent administratrix, and the approval by her as such, and the further allowance by the county court of said claims. The county court sustained general and special exceptions to the answer, and upon appeal the district court likewise sustained exceptions to an amended answer. We do not doubt but what appellant's resistance to the enforcement of appellee's petition is a collateral attack. The object of plaintiff's petition is to obtain a sale of the land on account of the administration and the allowance of said claims as a judgment; and defendant, in resisting the character of relief prayed for by appellee, by alleging that the two appointments of Mrs. Reeves as administratrix are void, and that the allowance and approval of the claims during both administrations are null, could not be considered as making a direct attack.

"If an appeal is taken from a judgment or a writ of error, or if a motion is made to vacate or set it aside on account of some alleged irregularity, the attack is obviously direct; the sole object of the proceeding being to deny and disapprove the apparent validity of the judgment. But if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral and falls within the rule." Black on Judgments, vol. 1, § 252.

The rule so clearly enunciated above in different language is, in substance, announced by the Supreme Court in the case of Crawford v. McDonald, 88 Tex. 630, 33 S. W. 325. In that cause a probate order of confirmation of the sale of property could not be attacked by aliunde evidence that the sale was not, in fact, made at the courthouse door, as required by law. A bond of a survivor in community is required to equal the appraised value of the community estate; a bond approved for less than the appraised value is not valid nor the qualification of the administrator void on collateral attack. Jordan v. Imthurn, 51 Tex. 287. If the record on collateral attack is silent as to the bond, it will be presumed the administrator gave one. Moody v. Butler, 63 Tex. 212. It has been the law of this state since 10 Tex. 467 (Moore v. Hardison), that an approval by an administrator of a claim barred by the statute of limitation does not bind the estate, but, once approved by the county court, "the quasi judgment so created can be treated as a nullity." Howard v. Johnson, 69 Tex. 657, 7 S. W. 523. Such a judgment has to be set aside in a direct proceeding brought solely for that purpose, showing that the bar was complete when approved, and even then it is not sufficient to show that the claim is barred on its face, but it must be shown that no fact nor exception existed suspending the statute. Howard v. Johnson, supra, and authorities cited. The fraudulent representations of the holder of a barred claim inducing the allowance of the same will not change the rule. Eccles v. Daniels, 16 Tex. 136; Martin v. Robinson, 67 Tex. 381, 3 S. W. 550. Since the acts of 1876 the approval of a claim by the county court has the force of a final judgment (Vernon's Sayles' Civil Statutes, art. 3452), subject, of course, to be revised on appeal. Same article.

[1] It is, of course, the settled law of this state that probate courts, under the Constitution, are courts of general jurisdiction as to all matters within the scope of the power conferred upon them. Weems v. Masterson, 80 Tex. 45, 15 S. W. 590. It also follows that all presumptions will be indulged as to the jurisdiction of probate courts over subject-matter confided to them the same as in favor of the jurisdiction of any other court of record. Their judgments and decrees cannot be collaterally attacked unless the record shows the want of jurisdiction where the subject-matter comes within that power.

"In the absence of such a showing, it must be presumed that the jurisdiction exercised in a given case was the exercise of lawful power." Same case supra.

It is alleged that the order of the county judge appointing Mrs. Reeves temporary administratrix of the estate never became effective, because the order was not made under the seal of the court nor attested by the clerk thereof, and that the clerk of the court did not indorse on the order by certificate that the same had been recorded as directed by law, and because said order appointing her temporary administratrix clothed her with full power of a permanent administrator of the estate of a deceased person, instead of limited powers as by law directed. The order of the county judge appointing Mrs. Reeves temporary administratrix was also objected to because it did not appear to be under the seal of the court, nor attested by the clerk, and fails to show that the latter ever entered his certificate upon the original order of appointment as required by law, and because it gives to the temporary administratrix all the authority which could be given by the court to a permanent administrator. The original order bore no seal of the county court and was not attested by the clerk of the court, and bore no certificate of the clerk of that county showing that same had ever been recorded in the probate minutes of Hale county.

Article 3297 provides that:

"Whenever it may appear to the county judge that the interest of an estate requires the immediate appointment of an administrator, he shall, either in open court or in vacation, by writing under his hand and the seal of the court, attested by the clerk, appoint some suitable person temporary administrator with such limited powers as the circumstances of the case may require."

Article 3298 prescribes that:

The appointment "shall define the powers conferred, and before being delivered to the person appointed shall be recorded in the minutes of the court, and the clerk shall indorse thereon a certificate that it has been so recorded, and until such record and certificate are made such appointment shall not take effect."

In the case of Alexander v. Barfield, 6 Tex. 401, 402, where the Chief Justice of the county, without any particular specification or definition of the powers conferred, broadly empowered the temporary administrator "to transact all business as administrator of said estate, until one may be appointed," Justice Lipscomb held that:

"The court below could not regard the pro tem. appointment of administrator as of any validity, and could only treat the same as a nullity."

There were other reasons which evidently actuated Justice Lipscomb in holding the appointment void, for he said:

"The requisitions of the law have not been regarded in scarcely a single essential particular" as to the particular appointment.

It is true he stresses the plenary authorization of power.

It is noted that appellant's answer is a broad allegation that the temporary administratrix was clothed by the appointment with "full power of a permanent or regular administrator of the estate of the deceased person, under the laws and statutes of Texas, instead of limited powers as by law directed." The actual order of appointment enumerates several specifications of power. However, the order closes with an attempted delegation of the general power of a permanent administrator.

If the case of Alexander v. Barfield, supra, has the effect contended, it may be doubted if it were applicable and could control this case. That case merely shows an order which attempted to confer general powers; while the statute says the order "shall define the powers conferred." Here there are several specifications of power defining the powers conferred, and the broad, general power might be considered as mere surplusage. Article 3298, prescribing that the order of appointment shall be recorded, and that the "clerk shall indorse thereon a certificate that it has been so recorded, and until such record and certificate are made such appointment shall not take effect," construed by appellant as mandatory, and that the prerequisites are necessary to make the appointment effective, and void if absent, has this force. Articles 3439 and 3441 prescribe the character of authentication of claims for allowance or approval. Article 3442 prescribes:

"If any such claim is allowed or approved without such affidavit as is required by the preceding articles of this chapter, such allowance or approval shall be of no force or effect."

The San Antonio court held, in the case of Lanier v. Taylor, 41 S. W. 516, that a claim with an affidavit which was not signed by the claimant was a nullity. The Supreme Court, in the case of Anderson v. Cochran, 93 Tex. 583, 57 S. W. 29, used language to the same effect. It is true that in those cases the claims were rejected, and were never merged into a quasi judgment in the probate proceedings. Justice Williams, in the case of Nelson v. Bridge, 98 Tex. 533, 86 S. W. 7, specifically said, however, though the point was not necessary to the decision of that case, that an allowance by the court of a claim without affidavit is prohibited and will be void and of no effect.

Notwithstanding all this, so insistently urged by appellant, we do not think it is necessary to decide the questions presented as to the temporary administration, on account of the fact of a permanent administration over the same estate.

The petitioner, Fuqua, alleges a regular appointment of Mrs. Reeves as the permanent administratrix, the presentation to, and approval by her, of the notes as such administratrix, and an order of allowance by the county court of the claim. The only two features in connection with the permanent administration alleged by the appellant we think necessary to discuss resisting the enforcement of the deed of trust are as follows:

Paragraph 6: "Respondent denies that part of paragraph 2 of plaintiff's petition wherein the same alleges that she was appointed regular administratrix of said estate on the 16th day of July, 1909, and says that, if such order to that effect was made on that date, same was not made in open court, as directed by law, but was made after court adjourned for that date, and for that reason such order was void," and all her acts thereafter are nullities.

Paragraph 11: It is alleged that the "approval of said claim by the probate court of said county on July 16, 1909 (during the permanent administration), was an act and an approval by said court of said claim connected with and based upon her alleged allowance of same on June 2, 1909, during said purported temporary administration," etc.

[2] "Where a domestic judgment is sought to be impeached, in order to determine the rules of law governing the particular proceeding, it becomes necessary to consider: (1) Whether such judgment was rendered by a court of general jurisdiction over the subject-matter of the suit or proceeding which same was rendered; * * * (3) whether the attack is direct or collateral; (4) whether the evidence adduced to support the attack is apparent on the face of the record of the proceedings in which said suit was rendered, and, if not, whether evidence aliunde is competent; and (5) whether the ground of the complaint is one which, if true, goes to the power of the court to render the judgment, or is a mere matter of procedure." Crawford v. McDonald, 88 Tex. 630, 33 S. W. 327.

We assume the rule to be that every presumption will be indulged on collateral attack to support the action of a probate court having general jurisdiction over the estates of decedents in appointing an administrator in the absence of any facts showing a want of jurisdiction. State v. Zanco's Heirs, 18 Tex. Civ. App. 127, 44 S. W. 527; Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329; Chapman v. Brite, 4 Tex. Civ. App. 506, 23 S. W. 514.

[3] The allegations of appellant to the effect that her appointment as permanent administratrix was not made in open court, but was made after "court adjourned for that date," constitute a collateral attack upon the order of appointment. This does not mean, of course, that court had adjourned for the term, but had merely "adjourned for that date." The probate court had the jurisdiction to make the appointment, and we are entitled to assume from the allegations in the answer that the order of appointment imports verity that the court was acting judicially within its scope and power. Just what is meant that the order was not made in open court is a little hard to construe for this reason: There is no doubt but that courts often adjourn for the day and indulge in loose practice of making orders without formally going to the bench, without literally opening the court, according to the practice governing such matters. To hold that administrations were void upon collateral attack on account of orders informally made, but made, however, apparently judicially, by the county judge, within his jurisdiction, without a formal reopening of court, and not strictly in open court, as understood according to the course of procedure, would, no doubt, disrupt many administrations and invalidate many sales of property. Unless the question is severely and in reality jurisdictional, the rule of judicial verity, unless a direct attack is made,

is based upon the public policy of preventing such results.

Justice Denman, in the case of Crawford v. McDonald, 88 Tex. 631, 33 S. W. 328, after discussing the character of judgments void on account of lack of jurisdiction, says:

"There is, however, another rule of law equally well settled upon principles of public policy which precludes inquiry by evidence aliunde the record in a collateral attack upon a judgment of a domestic court of general jurisdiction regular on its face into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition."

We have been unable to find, after rather diligent search, any decision directly affecting the particular question.

We have a statute (article 3218) which prescribes that all decisions, orders, decrees, and judgments of the county court in probate matters shall be rendered in open court and at a regular term of such court for civil and probate business, unless in cases where it is otherwise specially provided.

Article 3219 prescribes that such decisions, orders, and judgments shall be entered on the record of the court during the term at which the same are rendered, and any such "decision, order, decree or judgment, shall be a nullity unless entered of record." This latter article, declaring judgments and orders a nullity unless entered of record, has been several times construed (Blackwood v. Blackwood, 92 Tex. 478, 49 S. W. 1045; De Cordova v. Rogers, 97 Tex. 60, 75 S. W. 16; Kelsey v. Trisler, 32 Tex. Civ. App. 177, 74 S. W. 64), and, if not so entered, are void (same cases). It is noted, however, that neither article—that is, 3218 nor 3219—prescribes that, if an order or judgment is not rendered in open court, the same shall be void. Of course, the commandment in article 3218 requiring the judgment or order to be rendered at a regular term of the court, if violated, might render a probate judgment a nullity. However, this is a mere declaration of the common law upon the subject. Black on Judgments, vol. 1, § 179. It is jurisdictional, affecting the power of the court. If an order is entered after a probate court is formally adjourned, without a formal reopening, we are unable to construe that such an act could be considered void, at least in this character of proceeding.

In the case of Templeton v. Ferguson, supra, the validity of the administration was attacked on the ground that the record showed that there were no debts due from the estate. The record, however, did not negative the existence of the facts authorizing the court to make the particular order, and the law, said Justice Denman, conclusively presumes that such facts were established by the evidence before the court when the judgment was rendered; the record being silent as to the existence of debts. Justice Bonner said that the question must be tried by the recitals in the record, and, if it does not affirmatively appear that jurisdiction is lacking, "upon grounds of public policy, the record purports absolute verity and is conclusive." Murchison v. White, 54 Tex. 78.

The case of Nelson v. Bridge, 98 Tex. 523, 86 S. W. 7 (cited by appellees as one of strong application to this case), in construing the mandatory language of the statute that letters testamentary shall not be issued where a will is probated after the lapse of four years from the death of the testator, is based upon the consideration of several statutes construed in pari materia, and wherein it is asserted that the Legislature, by the particular article, did not intend mandatory force, and the probate void, because other statutes showed to the contrary.

[4] The assertion that the alleged approval of the claim by the probate court during the permanent administration was based upon the approval of the same claim by the court in the temporary administration, and was therefore void, is equally inefficient in this proceeding. The allegations of the whole answer, when considered, show that the court in reality judicially approved Fuqua's claims during the permanent administration. In their very nature such allegations are vague, and one is puzzled what the pleader means on the face of the averments. If the court judicially approved the claim during the permanent administration, unless in some manner it could be said that it was based upon the acts of the temporary administrator as a precedent condition, or as an accompanying prerequisite validity, when the court approved the claim under the statute cited (article 3452), in its very nature the order approving the claims had the force and effect of a final judgment. When we revert to the record actually introduced, we can understand what the pleader means. The same authentication presented to Mrs. Reeves, as the temporary administratrix, as verification of the particular claims, was used and presented to her as permanent administratrix, with reference to the same claim, but, however, shown to have been approved in conformity with the statute by her as such permanent administratrix.

We believe it is wholly unnecessary to go into the question of other alleged irregularities in reality affecting matters of procedure only, but not addressed to the jurisdiction of the court, and also questions of alleged fraud, for the reason that in this character of proceeding it is apparent that the orders during the permanent administration could not possibly be affected. We likewise think the questions of evidence raised by bills of exceptions are wholly immaterial.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellant's counsel, in the presentation of an able motion for rehearing, have shaken

the opinion of this court on the question of collateral attack, citing the following authorities: Heath v. Layne, 62 Tex. 687; Fortson v. Alford, 62 Tex. 578; Edwards v. Halbert, 64 Tex. 667; Alford v. Halbert, 74 Tex. 346, 12 S. W. 75; Ruenbuhl v. Heffron, 38 S. W. 1030; Bender v. Damon, 72 Tex. 92, 9 S. W. 747; Cruger v. McCracken, 87 Tex. 586, 30 S. W. 537.

[5] On the question of the approval by the probate court of Fuqua's claims during the permanent administration it is contended that this record does not show that the probate court rendered judgment or an order approving said claim, and that the same was entered of record as prescribed by article 1853 of the Revised Statutes of 1895. The statute provides:

"All such decisions, orders, decrees and judgments shall be entered on the records of the court, * * * and any such decision, order, decree or judgment shall be a nullity unless entered of record."

Appellant says:

"This entry on the record must be found on the minutes of the probate court or upon the claim docket. The question is: Has appellee proven by an entry on said record, that is, on either the minutes of the court or the claim docket, an order, judgment, or decree of the court approving or adjudicating said claim?"

The claim docket presented in this record bearing upon this question presents during the temporary administration all the different claims of appellee involved in this suit, showing the amount, the date of claim, when due, and the date when the interest begins, the rate of interest, and the allowance of same. The first claim presented on said page is the one for $45,832.66 that is exhibited as a part of the records of the temporary administration. Opposite this item is the following, evidently exhibiting an action upon the claim docket during the permanent administration:

| Date of Filing. | | | Date Approved. | | | Amount Approved. | |
|---|---|---|---|---|---|---|---|
| Month. | Day. | Year. | Month. | Day. | Year. | Dollars. | Cts. |
| June | 14 | 1909 | July | 16 | 09 | 92,190 | 97 |

On page 43 of the statement of facts we find the following:

"Plaintiff introduced all these reports and orders from the probate minutes as showing the dealings of respondent, Mrs. Reeves, as administratrix, and the probate court of Hale county, with the different claims, the use of the property for the payment of claims, and the claims, that were recognized and approved by her, as follows:

" 'No. 99. In re Estate of Oscar T. Reeves, Deceased. In the County Court of Hale County, Texas, July Term, 1909.

" 'Now comes Mrs. Minnie Reeves, administratrix of said estate, and shows to the court that she has on hands about $20,000, most of which is available for paying off the claims against said estate, and that the money is lying idle in bank; that one claim for a large amount, about $90,000, has been proved up and allowed against the estate in favor of W. H. Fuqua; that there are a few, if any, other claims to be presented against said estate, and they will not be for large amounts. She therefore prays that she may be authorized to pay on said Fuqua claim such sums from time to time as she may deem proper.

" 'Madden, Trulove & Kimbrough and E. Graham, Attorneys for Mrs. Minnie Reeves, Admx.

" 'No. 99. In re Estate of Oscar T. Reeves, Deceased. In the County Court of Hale County, Texas, July 23, 1909.

" 'On this day came on the application of the administratrix for authority to make payments on the claims of W. H. Fuqua, and it appearing to the court that said Fuqua has proved up his claim for a large amount, that there are probably few other claims to be presented against said estate, that the administratrix has in her hands idle in bank about $20,000 and the court being in all things satisfied it is ordered that the administratrix of this estate be authorized to make such payments on said Fuqua claim from time to time as she may deem proper.' "

If the order of the court approving the claim is sufficiently shown upon the record, as we now view the controversy, it is immaterial whether the resistance to the enforcement of the deed of trust is a direct or collateral attack. The notation upon the claim docket of the approval July 16, 1909, of an amount approved, to wit, $92,190.97, we are prone to consider, especially if permitted to take it in connection with what is shown upon the docket during the temporary administration as an order of approval of a claim to that amount. The pleading says that to base it upon the memoranda during the temporary administration makes it void, because the temporary administration is a nullity. This argument is specious, in this: If you once assume that the memorandum last quoted was made on the claim docket during the permanent administration, the court evidently intended to approve a claim or claims amounting to $92,190.97. If the claims on the same page of the docket are of that amount, or approximately so as to make a discrepancy immaterial, it is evident that the probate judge intended to approve those claims during the permanent administration, and the question is not what he based the same upon, but whether there was an actual order of allowance. We think this, taken in connection with the last order quoted, is sufficient to show an order of allowance by the probate court entered of record within the purview of the statute as that the judgment is valid, and not void; it is only the order characterized a nullity, if not of record. Other matters in connection therewith are sufficiently proven.

The motion for rehearing is overruled.